Christopher J. Renk (*pro hac vice* to be filed)
  Chris.Renk@arnoldporter.com
Michael J. Harris (*pro hac vice* to be filed)
  Michael.Harris@arnoldporter.com
**Arnold & Porter Kaye Scholer LLP**
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Telephone: (312) 583-2300
Facsimile: (312) 583-2360

*Attorneys for Plaintiff Nike, Inc.*
*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
|  | Case No. 2:23-cv-9346 |
| NIKE, INC., | |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| SKECHERS U.S.A., INC., | **JURY TRIAL REQUESTED** |
| Defendant. | |

Plaintiff Nike, Inc. ("Nike"), for its Complaint against Defendant Skechers U.S.A., Inc. ("Skechers"), alleges as follows:

COMPLAINT

**PRELIMINARY STATEMENT**

1.     Nike's Flyknit is a game-changing technology. Flyknit resulted from more than a decade of Nike's research and development, and it has been hailed as "the most groundbreaking sneaker innovation in over 40 years."[1] Nike's Flyknit technology provides a novel method of designing and manufacturing shoe uppers, which enables Nike to create footwear with excellent performance, design, and aesthetics—all while reducing materials and waste. An early example of a Nike Flyknit shoe upper is shown below.



2.     Nike has taken steps to protect its Flyknit technologies by filing and obtaining patents around the world.

3.     Due to the success of Nike's Flyknit, many of Nike's competitors have copied and made unauthorized use of Nike's Flyknit technologies. Nike has enforced its patents against those companies. *See, e.g., Nike, Inc. v. PUMA North America, Inc.*, Case No. 1:18-cv-10875 (D. Mass); *Nike, Inc. v. adidas AG et al.*, Case No. 3:21-cv-01780-YY (D. Oregon); *In re: Certain Knitted Footwear*, Inv. No. 337-TA-1289

---

[1] Carly Fink, *Nike: Sustainability and Innovation through Flyknit Technology*, N.Y.U. STERN CTR. FOR SUSTAINABLE BUS. (August 2016), available at: https://www.stern.nyu.edu/sites/default/files/assets/documents/Nike_Carly_04.2017%20-%20Copy.pdf.

COMPLAINT

(U.S.I.T.C.);  *Nike, Inc. v. lululemon usa inc.*, Case No. 1:23-cv-00771-JPO (S.D.N.Y.).

4.     Skechers has likewise used Nike's Flyknit technologies without authorization.  This is not the first time Nike has enforced its patents against Skechers. *See Nike, Inc. v. Skechers USA, Inc.*, No. 16-cv-00007 (D. Or.); *Nike, Inc. v. Skechers USA, Inc.*, No. 17-cv-08509 (C.D. Cal.); *Nike, Inc. v. Skechers USA, Inc.*, No. 19-cv-08418 (C.D. Cal.); *Nike, Inc. v. Skechers USA, Inc.*, No. 19-cv-09230 (C.D. Cal.)

5.     Nike brings this lawsuit to once again stop Skechers' infringement of Nike's intellectual property and protect Nike's hard-earned innovations in Flyknit technology.

## THE PARTIES

6.     Nike is a corporation organized under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

7.     Skechers is a corporation organized under the laws of the State of Delaware with a principal place of business at 228 Manhattan Beach Boulevard, Manhattan Beach, California 90266.

## JURISDICTION AND VENUE

8.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     This Court has personal jurisdiction over Skechers because Skechers has its principal place of business in this District. Further, Skechers has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1400 because Skechers is headquartered in this District, maintains a regular and established place

of business in this District, and has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, offering to sell, selling, and/or importing products that infringe one or more claims of Nike's patents at issue in this lawsuit.

## FACTUAL BACKGROUND

11.    Nike's principal business activity is the design, development and worldwide marketing and selling of athletic footwear, apparel, and equipment. Nike invests heavily in research, design, and development, and those efforts are key to Nike's success. Nike's investments have led to many innovative technologies and products that enhance athletic performance, reduce injury, and maximize comfort. Flyknit is one example of Nike's relentless commitment to revolutionary technology.

12.    Relevant to this dispute, Nike owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, the patents directed to its Flyknit technology as claimed in U.S. Patent Nos. 8,266,749, 9,060,562, 9,510,636, 9,730,484, 9,918,511, and 9,986,781 (collectively, the "Asserted Patents"). The U.S. Patent and Trademark Office duly and legally issued each of the Asserted Patents. A true and correct copy of each of the Asserted Patents is attached as an exhibit to the Complaint as shown below. The Asserted Patents are presumed to be valid.

| Patent No. | Issue Date | Ex. |
|---|---|---|
| U.S. Patent No. 8,266,749 | September 18, 2012 | 1 |
| U.S. Patent No. 9,060,562 | June 23, 2015 | 2 |
| U.S. Patent No. 9,510,636 | December 6, 2016 | 3 |
| U.S. Patent No. 9,730,484 | August 15, 2017 | 4 |
| U.S. Patent No. 9,918,511 | March 20, 2018 | 5 |
| U.S. Patent No. 9,986,781 | June 5, 2018 | 6 |

COMPLAINT

13.   Nike gives the public notice of at least the asserted '562, '749 and '511 patents by marking its products pursuant to 35 U.S.C § 287(a), including by virtually marking products at http://www.nike.com/patentsvirtualmarking.

14.   Skechers makes, uses, offers for sale, sells, and/or imports into the United States products that practice the claimed inventions of the Asserted Patents.

15.   Skechers' products that infringe claims of the Asserted Patents include at least the following styles (the "Infringing Products"): Arch Fit – Good Vibrations, Arch Fit Glide-Step, Arch Fit Glide-Step – Dazzling Step, Arch Fit Refine – Freesia, Cordova Classic - Sparkling Dust, Dynamight 2.0 - Pounce Back, Glide Step – Sparkle, GO WALK Arch Fit – Crystal Waves, GO WALK Arch Fit – Iconic, GO WALK Arch Fit Relaxed Fit: Arch Fit D'Lux – Glimmer Dust, Relaxed Fit: D'Lux Walker - Let it Glow, Martha Stewart x Skechers Slip-ins: Ultra Flex 3, Relaxed Fit: D'Lux Walker, Skechers Ultra Flex 3.0 – Wintek, Skech-Lite Pro, Slip-ins Work: Ultra Flex 3.0 SR, Slip-ins: Arch Fit Glide-Step, Slip-ins: Arch Fit Vista – Aspiration, Slip-ins: Cessnock – Gwynedd, Slip-ins: Delson 3.0 Lavell, Slip-ins: Glide-Step Swift - New Thrill, Slip-ins: Glide-Step Swift – Prose, Slip-Ins: GO WALK 6 – Easy On, Slip-ins: GO WALK 6 - Fabulous View, Slip-ins: GO WALK 6 - Lovely Day, Slip-Ins: GO WALK 6 – Valentina, Slip-Ins: GO WALK Arch Fit – Simplicity, Slip-ins: Max Cushioning – Advantageous, Slip-ins: Max Cushioning – Smooth, Slip-ins: Max Cushioning AF – Fluidity, Slip-ins: On-the-Go Swift – Astounding, Slip-ins: RF Bogdin – Arlett, Slip-ins: RF Reggae Fest 2.0, Slip-ins: RF: Ingram – Brackett, Slip-ins: Ultra Flex 3.0 – Brilliant, Slip-Ins: Ultra Flex 3.0 - Colory Wild, Slip-ins: Ultra Flex 3.0 - Cozy Streak, Slip-Ins: Ultra Flex 3.0 – Finnik, Slip-Ins: Ultra Flex 3.0 - Fresh Time, Slip-ins: Ultra Flex 3.0 – New Arc, Slip-ins: Ultra Flex 3.0 - Pastel Clouds, Slip-ins: Ultra Flex 3.0 - Shining Glitz, Slip-ins: Ultra Flex 3.0 - Smooth Step, Slip-ins: Ultra Flex 3.0 - Sparkled Stones, Slip-ins: Virtue – Divinity, Ultra Flex – Harmonious, Ultra Flex 3.0 – Big Plan, Ultra Flex 3.0 – Classy Charm, Ultra Flex 3.0

– Let's Dance, Ultra Flex 3.0 – Wintek, Virtue – Twilight, and Vapor Foam - True Classic styles. Representative examples of the Infringing Products are shown below.

| Martha Stewart x Skechers Slip-ins: Ultra Flex 3 | Slip-ins: Max Cushioning – Smooth |
|---|---|
| | |
| Slip-ins: Ultra Flex 3.0 - Cozy Streak | Slip-Ins: Ultra Flex 3.0 - Fresh Time |
| | |
| Ultra Flex 3.0 - Big Plan | Glide Step - Sparkle |
| | |

16.    On information and belief, Skechers sells and offers to sell the Infringing Products directly to consumers through its e-commerce website, http://www.skechers.com, its retail stores, and through authorized retailers, wholesalers, and distributors.

17.    On information and belief, Skechers sells the Infringing Products directly to customers in the United States, including in this District.

18.   Skechers has infringed, and continues to infringe, the Asserted Patents by making, using, selling, offering to sell, and/or importing the Infringing Products in this District and elsewhere in the United States without the consent or authorization of Nike.

**FIRST CLAIM FOR RELIEF**
**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 8,266,749)**

19.   Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–18 of this Complaint.

20.   U.S. Patent No. 8,266,749 (the "'749 patent") is generally directed to a method of manufacturing an article of footwear with a textile element, where the textile element is simultaneously knitted with a surrounding textile structure, and the textile element has a knitted texture that differs from the knitted texture in the surrounding textile structure.

21.   For example, claim 1 of the '749 patent recites:

A method of manufacturing an article of footwear, the method comprising:
simultaneously knitting a textile element with a surrounding textile structure, the knitted textile element having at least one knitted texture that differs from a knitted texture in the surrounding knitted textile structure;
removing the knitted textile element from the surrounding knitted textile structure;
incorporating the knitted textile element into the article of footwear.

22.   On information and belief, Skechers directly infringes at least claim 1 of the '749 patent under at least § 271(g). For example, Skechers imports into the United States at least the Martha Stewart x Skechers Slip-ins: Ultra Flex 3, Slip-ins: Max Cushioning AF – Fluidity, Slip-ins: Arch Fit Vista – Aspiration, Slip-ins: Arch Fit Glide-Step, Slip-ins: Cessnock – Gwynedd, Slip-ins: Delson 3.0 Lavell, Slip-ins: Glide-Step Swift – Prose, Slip-Ins: GO WALK 6 – Easy On, Slip-ins: GO WALK 6

- Fabulous View, Slip-ins: GO WALK 6 – Lovely Day, Slip-Ins: GO WALK 6 – Valentina, Slip-Ins: GO WALK Arch Fit – Simplicity, Slip-ins: Max Cushioning – Advantageous, Slip-ins: Max Cushioning – Smooth, Slip-ins: On-the-Go Swift – Astounding, Slip-ins: RF Bogdin – Arlett, Slip-ins: RF Reggae Fest 2.0, Slip-ins: RF: Ingram – Brackett, Slip-ins: Ultra Flex 3.0 – Brilliant, Slip-ins: Ultra Flex 3.0 – Colory Wild, Slip-Ins: Ultra Flex 3.0 – Cozy Streak, Slip-Ins: Ultra Flex 3.0 – Finnik, Slip-ins: Ultra Flex 3.0 – Fresh Time, Slip-ins: Ultra Flex 3.0 – New Arc, Slip-ins: Ultra Flex 3.0 - Pastel Clouds, Slip-ins: Ultra Flex 3.0 - Shining Glitz, Slip-ins: Ultra Flex 3.0 – Smooth Step, Slip-ins: Ultra Flex 3.0 - Sparkled Stones, Slip-ins Work: Ultra Flex 3.0 SR, and Slip-ins: Virtue – Divinity styles (the "'749 Infringing Products"), which, as shown in greater detail in Exhibit 7 attached hereto, were manufactured using a process that satisfies each and every limitation of claim 1 because, on information and belief, Skechers manufactures (or has manufactured for it) those shoes by simultaneously knitting a textile element with a surrounding textile structure, the knitted textile element having at least one knitted texture that differs from a knitted texture in the surrounding knitted textile structure; removing the knitted textile element from the surrounding knitted textile structure; and incorporating the knitted textile element into the article of footwear.

23. On information and belief, the '749 Infringing Products are not materially changed by subsequent processes after importation, nor do those products become a trivial or nonessential component of another product after importation.

24. On information and belief, Skechers has actively induced and is actively inducing infringement of at least claim 1 of the '749 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b). For example, on information and belief, Skechers encourages and induces its third-party manufacturer(s) to manufacture or import the '749 Infringing Products. As a further example, on

COMPLAINT

information and belief, Skechers also encourages and induces its authorized dealers, wholesale customers, and distributor customers to import the '749 Infringing Products.

25.    Nike has suffered, and continues to suffer, economic harm as a result of Skechers' infringing activities in an amount to be proven at trial.

26.    Skechers' activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins Skechers' infringing activities under 35 U.S.C. § 283.

27.    On information and belief, Skechers' infringement of the '749 patent will continue unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,060,562)

28.    Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–27 of this Complaint.

29.    U.S. Patent No. 9,060,562 (the "'562 patent") is generally directed to a method of manufacturing a knitted component for an article of footwear, the method including knitting an upper with an integral knit tongue during a knitting process, where the integral knit tongue extends through a throat area of the knitted component.

30.    For example, claim 1 of the '562 patent recites:

A method of manufacturing a knitted component for an article of footwear, the method comprising:
knitting a portion of the knitted component defining an upper with a knitting machine, the upper including a portion of at least one of an exterior surface of the knitted component and an opposite interior surface of the knitted component; and
knitting an integral knit tongue that is of unitary knit construction with the upper with the knitting machine, the integral knit tongue extending through a throat area of the knitted component; and
wherein the integral knit tongue is joined by knitting with the knitting machine to: (1) a forward portion of the throat area, and (2) at least along a portion of both of a lateral side and a medial side of the throat area of the knitted component extending through a portion of a length of the throat area in a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

longitudinal direction from the forward portion to an ankle opening of the upper.

31.   On information and belief, Skechers directly infringes at least claim 1 of the '562 patent under at least § 271(g). For example, Skechers imports into the United States at least the Skechers Slip-ins: Max Cushioning AF – Fluidity, Relaxed Fit: D'Lux Walker - Let it Glow, Skechers Slip-ins: Virtue – Divinity, Ultra Flex 3.0 - Big Plan, Arch Fit Refine – Freesia, Dynamight 2.0 - Pounce Back, Cordova Classic - Sparkling Dust, Virtue – Twilight, Ultra Flex 3.0 - Let's Dance, and Martha Stewart x Skechers Slip-ins: Ultra Flex 3 styles (the "'562 Infringing Products"), which, as shown in greater detail in Exhibit 8 attached hereto, are manufactured using a process that satisfies each and every limitation of claim 1 because, on information and belief, Skechers manufactures (or has manufactured for it) those shoes by knitting a portion of the knitted component defining an upper with a knitting machine, the upper including a portion of at least one of an exterior surface of the knitted component and an opposite interior surface of the knitted component, and knitting an integral knit tongue that is of unitary knit construction with the upper with the knitting machine, the integral knit tongue extending through a throat area of the knitted component, wherein  the integral knit tongue is joined by knitting with the knitting machine to: (1) a forward portion of the throat area, and (2) at least along a portion of both of a lateral side and a medial side of the throat area of the knitted component extending through a portion of a length of the throat area in a longitudinal direction from the forward portion to an ankle opening of the upper.

32.   On information and belief, the '562 Infringing Products are not materially changed by subsequent processes after importation, nor do these products become a trivial or nonessential component of another product after importation.

33.   On information and belief, Skechers has actively induced and is actively inducing infringement of at least claim 1 of the '562 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce

infringement, in violation of 35 U.S.C. § 271(b). For example, on information and belief, Skechers encourages and induces its third-party manufacturer(s) to manufacture or import the '562 Infringing Products. As a further example, on information and belief, Skechers also encourages and induces its authorized dealers, wholesale customers, and distributor customers to import the '562 Infringing Products.

34.   Nike has suffered, and continues to suffer, economic harm as a result of Skechers' infringing activities in an amount to be proven at trial.

35.   Skechers' activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins Skechers' infringing activities under 35 U.S.C. § 283.

36.   On information and belief, Skechers' infringement of the '562 patent will continue unless enjoined by this Court.

### THIRD CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,510,636)

37.   Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–36 of this Complaint.

38.   U.S. Patent No. 9,510,636 (the "'636 patent") is generally directed to an article of footwear that incorporates a knitted component having an upper and an integral knit tongue, where the integral knit tongue is formed of unitary knit construction with the upper and extends through the throat area of the knitted component.

39.   For example, claim 1 of the '636 patent recites:
> An article of footwear having an upper and a sole structure secured to the upper, the article of footwear incorporating a knitted component comprising:
> a portion of the knitted component defining the upper, the upper including a portion of at least one of an exterior surface of the knitted component and an opposite interior surface of the knitted component,

- 11 -

the interior surface defining a void for receiving a foot; and

an integral knit tongue formed with the upper and extending through a throat area of the knitted component; and

at least one raised element extending a height above the exterior surface of the knitted component,

wherein the integral knit tongue is joined to a forward portion of the throat area and at least along a portion of a lateral side and a medial side of the throat area of the knitted component extending from the forward portion to an ankle opening of the upper.

40.   On information and belief, Skechers directly infringes at least claim 1 of the '636 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear products that infringe one or more claims of the '636 patent, literally or under the doctrine of equivalents. For example, Skechers sells at least the Skechers Relaxed Fit: D'Lux Walker - Let it Glow, Skechers Slip-ins: Virtue – Divinity, Ultra Flex 3.0 - Big Plan, Arch Fit Refine – Freesia, Dynamight 2.0 - Pounce Back, Cordova Classic - Sparkling Dust, Virtue – Twilight, Ultra Flex 3.0 - Let's Dance, and Martha Stewart x Skechers Slip-ins: Ultra Flex 3 styles (the "'636 Infringing Products"), which, as shown in greater detail in Exhibit 9 attached hereto, includes, on information and belief, an article of footwear having an upper and a sole structure secured to the upper, the article of footwear incorporating a knitted component comprising a portion of the knitted component defining the upper, the upper including a portion of at least one of an exterior surface of the knitted component and an opposite interior surface of the knitted component, the interior surface defining a void for receiving a foot, and an integral knit tongue formed with the upper and extending through a throat area of the knitted component, and at least one raised element extending a height above the exterior surface of the knitted component, wherein the integral knit tongue is joined to a forward portion of the throat area and at least along

COMPLAINT

a portion of a lateral side and a medial side of the throat area of the knitted component extending from the forward portion to an ankle opening of the upper.

41.   On information and belief, Skechers has actively induced and is actively inducing infringement of at least claim 1 of the '636 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b). For example, on information and belief, Skechers encourages and induces its authorized dealers, wholesale customers, and distributor customers to sell, offer to sell, or import the '636 Infringing Products.

42.   Nike has suffered, and continues to suffer, economic harm as a result of Skechers' infringing activities in an amount to be proven at trial.

43.   Skechers' activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins Skechers' infringing activities under 35 U.S.C. § 283.

44.   On information and belief, Skechers' infringement of the '636 patent will continue unless enjoined by this Court.

**FOURTH CLAIM FOR RELIEF**
**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,730,484)**

45.   Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–44 of this Complaint.

46.   U.S. Patent No. 9,730,484 (the "'484 patent") is generally directed to an article of footwear having a flat knit upper of a desired three-dimensional shape.

47.   For example, claim 1 of the '484 patent recites:

> An article of footwear comprising an upper including a flat-knitted element formed from at least one yarn

- 13 -
COMPLAINT

mechanically manipulated in a flat-knitting process, the flat-knitted element including a first layer having:

> a central portion having a domed, three-dimensional structure configured for extending over the top of a foot;
>
> a first side portion being formed of unitary construction with the central portion and extending from a first side of the central portion; and
>
> a second side portion being formed of unitary construction with the central portion and extending from a second side opposite the first side of the central portion, the domed, three-dimensional structure shaped to extend above the plane of the first side portion and the second side portion when the flat-knitted element is in a flattened configuration.

48.    On information and belief, Skechers directly infringes at least claim 1 of the '484 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear products that infringe one or more claims of the '484 patent, literally or under the doctrine of equivalents. For example, Skechers sells at least the Arch Fit Glide-Step, Arch Fit Glide-Step – Dazzling Step, Vapor Foam - True Classic, Ultra Flex 3.0 – Let's Dance, Skech-Lite Pro, Ultra Flex – Harmonious, Ultra Flex 3.0 – Classy Charm, GO WALK Arch Fit – Crystal Waves, Skechers Ultra Flex 3.0 – Wintek, Glide-Step – Sparkle, Relaxed Fit: D'Lux Walker, Arch Fit – Good Vibrations, Ultra Flex 3.0 – Big Plan, Slip-ins: Ultra Flex 3.0 - Smooth Step, Martha Stewart x Skechers Slip-ins: Ultra Flex 3, Slip-ins: Ultra Flex 3.0 - Cozy Streak, Slip-ins: Ultra Flex 3.0 - Sparkled Stones, Slip-ins: Ultra Flex 3.0 - Shining Glitz, Slip-ins: Max Cushioning – Smooth, Slip-ins: Arch Fit Glide-Step, Slip-ins: Glide-Step Swift - New Thrill, Slip-Ins: Cessnock – Gwynedd, Slip-ins: GO WALK 6 – Valentina, Slip-ins: Glide-Step Swift – Prose, Slip-ins: Ultra Flex 3.0 - Pastel Clouds, Slip-Ins: Ultra Flex 3.0 - Fresh Time, and Slip-Ins: Ultra Flex 3.0 - Colory Wild styles

(the "'484 Infringing Products"), which, as shown in greater detail in Exhibit 10 attached hereto, include, on information and belief, an article of footwear comprising an upper including a flat-knitted element formed from at least one yarn mechanically manipulated in a flat-knitting process, the flat-knitted element including a first layer having a central portion having a domed, three-dimensional structure configured for extending over the top of a foot, a first side portion being formed of unitary construction with the central portion and extending from a first side of the central portion, and a second side portion being formed of unitary construction with the central portion and extending from a second side opposite the first side of the central portion, the domed, three-dimensional structure shaped to extend above the plane of the first side portion and the second side portion when the flat-knitted element is in a flattened configuration.

49.   On information and belief, Skechers has actively induced and is actively inducing infringement of at least claim 1 of the '484 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b). For example, on information and belief, Skechers encourages and induces its authorized dealers, wholesale customers, and distributor customers to sell, offer to sell, or import the '484 Infringing Products.

50.   Nike has suffered, and continues to suffer, economic harm as a result of Skechers' infringing activities in an amount to be proven at trial.

51.   Skechers' activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins Skechers' infringing activities under 35 U.S.C. § 283.

52.   On information and belief, Skechers' infringement of the '484 patent will continue unless enjoined by this Court.

COMPLAINT

1
2

**FIFTH CLAIM FOR RELIEF**
**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,918,511)**

3

53.   Nike re-alleges and incorporates by reference the allegations set forth in

4

paragraphs 1–52 of this Complaint.

5

54.   U.S. Patent No. 9,918,511 (the "'511 patent") is generally directed to an

6

upper for an article of footwear, which comprises a flat knit textile having first and

7

second knit strips that have different properties and that are positioned adjacent to

8

each other along the lateral or medial side of the upper.

9

55.   For example, claim 1 of the '511 patent recites:

10

An upper for an article of footwear, the upper comprising:

11

a flat knit textile element comprising (1) flat knit edges

12

free of surrounding textile structure such that the

13

flat knit edges are not surrounded by textile

structure from which the textile element must be

14

removed, at least one flat knit edge being a curved

15

flat knit edge, and (2) a first knit strip having a first

property and a second knit strip having a second

16

property that is different from the first property;

17

wherein the first knit strip and the second knit strip are

positioned adjacent to each other along one or more

18

of a lateral side and a medial side of the upper.

19

56.   On information and belief, Skechers directly infringes at least claim 1 of

20

the '511 patent under at least § 271(a) by making, using, offering for sale, and/or

21

selling footwear products that infringe one or more claims of the '511 patent, literally

22

or under the doctrine of equivalents. For example, Skechers sells at least the Arch Fit

23

Glide-Step – Dazzling Step, Martha Stewart x Skechers Slip-ins: Ultra Flex 3, Slip-

24

ins Max Cushioning AF – Fluidity, Slip-ins: Arch Fit Glide-Step, Slip-ins: Arch Fit

25

Vista – Aspiration, Slip-ins: Glide-Step Swift – Prose, Slip-ins: GO WALK 6 - Easy

26

On, Slip-ins: GO WALK 6 - Fabulous View, Slip-ins: GO WALK 6 - Lovely Day,

27

Slip-Ins: GO WALK 6 – Valentina, Slip-ins: Max Cushioning – Advantageous, Slip-

28

ins: Max Cushioning – Smooth, Slip-ins: On-the-Go Swift – Astounding, Slip-ins: Ultra Flex 3.0 – Brilliant, Slip-ins: Ultra Flex 3.0 – Colory Wild, Slip-ins: Ultra Flex 3.0 - Cozy Streak, Slip-Ins: Ultra Flex 3.0 - Fresh Time, Slip-ins: Ultra Flex 3.0 - Pastel Clouds, Slip-ins: Ultra Flex 3.0 - Shining Glitz, Slip-ins: Ultra Flex 3.0 - Smooth Step, Slip-ins: Ultra Flex 3.0 - Sparkled Stones, Slip-ins: Virtue – Divinity, Slip-ins Work: Ultra Flex 3.0 SR, Ultra Flex 3.0 – Big Plan, Ultra Flex 3.0 – Classy Charm, Ultra Flex 3.0 – Wintek, Ultra Flex 3.0 – Let's Dance, Glide Step – Sparkle, and GO WALK Arch Fit - Iconic styles (the "'511 Infringing Products"), which, as shown in greater detail in Exhibit 11 attached hereto, contain, on information and belief, an upper for an article of footwear, the upper comprising a flat knit textile element comprising (1) flat knit edges free of surrounding textile structure such that the flat knit edges are not surrounded by textile structure from which the textile element must be removed, at least one flat knit edge being a curved flat knit edge, and (2) a first knit strip having a first property and a second knit strip having a second property that is different from the first property, wherein the first knit strip and the second knit strip are positioned adjacent to each other along one or more of a lateral side and a medial side of the upper.

57.    On information and belief, Skechers has actively induced and is actively inducing infringement of at least claim 1 of the '511 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b). For example, on information and belief, Skechers encourages and induces its authorized dealers, wholesale customers, and distributor customers to sell, offer to sell, or import the '511 Infringing Products.

58.    Nike has suffered, and continues to suffer, economic harm as a result of Skechers' infringing activities in an amount to be proven at trial.

59.   Skechers' activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins Skechers' infringing activities under 35 U.S.C. § 283.

60.   On information and belief, Skechers' infringement of the '511 patent will continue unless enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
## (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,986,781)

61.   Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–60 of this Complaint.

62.   U.S. Patent No. 9,986,781 (the "'781 patent") is generally directed to an upper for an article of footwear, which comprises a flat knit textile element having flat knit edges free of surrounding textile structure and a plurality of integrally-knit ribs extending longitudinally along one or more of a lateral side and a medial side of the upper.

63.   For example, claim 1 of the '781 patent recites:

> An upper for an article of footwear, the upper comprising:
> a flat knit textile element having: (1) flat knit edges free of surrounding textile structure such that the flat knit edges are not surrounded by textile structure from which the textile element must be removed, and (2) a plurality of ribs integrally knitted into the flat knit textile element,
> wherein one or more ribs extend longitudinally along one or more of a lateral side and a medial side of the upper, the one or more ribs extending from the forefoot region toward the heel region and terminating in one of the midfoot region or the heel region.

64.   On information and belief, Skechers directly infringes at least claim 1 of the '781 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear products that infringe one or more claims of the '781 patent, literally or under the doctrine of equivalents. For example, Skechers sells at least the Martha

Stewart x Skechers Slip-ins: Ultra Flex 3, GO WALK Arch Fit Relaxed Fit: Arch Fit D'Lux – Glimmer Dust, Slip-ins Work: Ultra Flex 3.0 SR, Slip-ins: Max Cushioning – Smooth, Slip-ins: Ultra Flex 3.0 – Brilliant, Slip-Ins: Ultra Flex 3.0 - Colory Wild, Slip-ins: Ultra Flex 3.0 - Cozy Streak, Slip-Ins: Ultra Flex 3.0 - Fresh Time, Slip-ins: Ultra Flex 3.0 - Pastel Clouds, Slip-ins: Ultra Flex 3.0 - Shining Glitz, Slip-ins: Ultra Flex 3.0 - Smooth Step, Slip-ins: Ultra Flex 3.0 - Sparkled Stones, Slip-ins: Virtue – Divinity, Ultra Flex 3.0 – Big Plan styles (the "'781 Infringing Products"), which, as shown in greater detail in Exhibit 12 attached hereto, contain, on information and belief, an upper for an article of footwear, the upper comprising a flat knit textile element, the flat knit textile element having (1) flat knit edges free of surrounding textile structure such that the flat knit edges are not surrounded by textile structure from which the textile element must be removed, and (2) a plurality of ribs integrally knitted into the flat knit textile element, wherein one or more ribs extend longitudinally along one or more of a lateral side and a medial side of the upper, the one or more ribs extending from the forefoot region toward the heel region and terminating in one of the midfoot region or the heel region.

65.    On information and belief, Skechers has actively induced and is actively inducing infringement of at least claim 1 of the '781 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b). For example, on information and belief, Skechers encourages and induces its authorized dealers, wholesale customers, and distributor customers to sell, offer to sell, or import the '781 Infringing Products.

66.    Nike has suffered, and continues to suffer, economic harm as a result of Skechers' infringing activities in an amount to be proven at trial.

67.    Skechers' activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins Skechers' infringing activities under 35 U.S.C. § 283.

COMPLAINT

68.    On information and belief, Skechers' infringement of the '781 patent will continue unless enjoined by this Court.

## JURY DEMAND

69.    Pursuant to Federal Rule of Civil Procedure 38(b), Nike hereby demands a jury trial on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Nike respectfully requests that this Court enter judgment against Skechers and grant the following relief:

COMPLAINT

A.      The entry of judgment in favor of Nike and against Skechers;

B.      A finding that the Skechers has infringed claims of the following U.S. Patents under 35 U.S.C. § 271(a), (b), and/or (g): U.S. Patent Nos. 9,918,511; 9,986,781; 9,730,484; 9,510,636; 9,060,562; and 8,266,749.

C.      An award of damages against Skechers adequate to compensate Nike for the infringement, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284, together with prejudgment interest and post-judgment interest and costs;

D.      A finding that Skechers' infringement is and has been willful, and a judgment that Nike is entitled to discretionary enhancement of its damages and other relief as provided by 35 U.S.C. § 284.

E.      A permanent injunction prohibiting further infringement by Skechers, and each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it; and

F.      Such other relief that Nike is entitled to under law and any other further relief that this Court or a jury may deem just and proper.

- 21 -

COMPLAINT

1   Dated:  November 6, 2023      ARNOLD & PORTER KAYE SCHOLER LLP

2

3                            By:  /s/  *Michael Sebba*

4                      Christopher J. Renk (*pro hac vice* to be filed)
                         Chris.Renk@arnoldporter.com

5                      Michael J. Harris (*pro hac vice* to be filed)
                         Michael.Harris@arnoldporter.com

6                      ARNOLD & PORTER KAYE SCHOLER LLP
                      70 West Madison Street, Suite 4200

7                      Chicago, Illinois 60602-4231
                      Telephone: (312) 583-2300

8

9                      Bridgette C. Gershoni (SBN 313806)
                       Bridgette.Gershoni@arnoldporter.com

10                   Michael J. Gershoni (SBN 311192)
                       Michael.Gershoni@arnoldporter.com

11                   ARNOLD & PORTER KAYE SCHOLER LLP
                     601 Massachusetts Ave., NW

12                 Washington, D.C., 20001
                     Telephone:  (202) 942-6745

13                 Hilda Obeng (*pro hac vice* to be filed)
                     Hilda.Obeng@arnoldporter.com

14                 ARNOLD & PORTER KAYE SCHOLER LLP
                     250 West 55th Street

15                 New York, NY  10019-9710
                     Telephone:  (212) 836-7883

16

17                 Michael Sebba (SBN 345439)
                     Michael.Sebba@arnoldporter.com

18                 ARNOLD & PORTER KAYE SCHOLER LLP
                     777 South Figueroa Street, 44th Floor

19                 Los Angeles, CA  90017-5844
                     Telephone: (213) 243-4000

20

21                 *Attorneys for Plaintiff Nike, Inc.*

22

23

24

25

26

27

28

COMPLAINT