**Morgan Chu**
mchu@irell.com
**Samuel K. Lu**
slu@irell.com
**Keith A. Orso**
korso@irell.com
**Thomas C. Werner**
twerner@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

**Attorneys for Defendant
and Counterclaim-Plaintiff
Skechers U.S.A., Inc.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKE, INC., | Case No. 2:23-cv-09346-AB-PVC |
| Plaintiff, | **SKECHERS U.S.A, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** |
| v. | |
| SKECHERS U.S.A., INC., | |
| Defendant. | JURY TRIAL REQUESTED |

Skechers U.S.A., Inc. ("Skechers"), Defendant in the above-captioned action, hereby answers the Complaint (the "Complaint") of Plaintiff Nike, Inc. ("Nike") and counterclaims against Nike as follows.  Headings are included as a matter of organization/formatting consistent with the Complaint, and do not require admitting or denying:

**PRELIMINARY STATEMENT**

1.      Skechers denies that "Nike's Flyknit is a game-changing technology." Skechers admits that the quoted statement set forth in Paragraph 1 of the Complaint appears in the cited document entitled *Nike: Sustainability and Innovation through Flyknit Technology*, but Skechers denies the statement itself.  Skechers also denies that Nike's Flyknit technology, which the Complaint does not define, is a novel method.  Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 1, and therefore denies the same on at least that basis.

2.      Skechers admits that Nike has filed and obtained patents.  Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 2, and therefore denies the same on at least that basis.

3.      Skechers admits that Nike has filed patent infringement lawsuits against competitors.  Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 3, and therefore denies the same on at least that basis.

4.      Skechers denies that it has used Nike's Flyknit technologies.  Skechers admits that Nike has previously filed patent infringement lawsuits against Skechers. Skechers denies the remaining allegations of Paragraph 4 of the Complaint.

5.      Skechers admits that Nike filed the instant lawsuit.  Skechers denies the remaining allegations of Paragraph 5 of the Complaint.

**THE PARTIES**

6.     Skechers admits the allegations of Paragraph 6 of the Complaint.

7.     Skechers admits the allegations of Paragraph 7 of the Complaint.

**JURISDICTION AND VENUE**

8.     The allegations in Paragraph 8 of the Complaint purport to state legal conclusions to which no answer is required; if an answer is required, Skechers admits that this action purports to invoke the patent laws of the United States and the Court's subject matter jurisdiction pursuant to the statutes cited.  Skechers denies the remaining allegations of Paragraph 8 of the Complaint.

9.     No answers to the legal conclusions in Paragraph 9 of the Complaint are required.  Skechers admits that Skechers maintains its principal place of business in this District.  Skechers also admits that Skechers conducts business in this District and engages in other continuous and systematic activities in this District.  Skechers denies that it has committed or continues to commit acts of infringement in this District.  Skechers denies the remaining allegations of Paragraph 9 of the Complaint.

10.     No answers to the legal conclusions in Paragraph 10 of the Complaint are required.  Skechers admits that it is headquartered and maintains a regular and established place of business in this District.  Skechers denies the remaining allegations of Paragraph 10 of the Complaint.

**FACTUAL BACKGROUND**

11.     Skechers admits that Nike designs, develops, markets, and sells athletic footwear, apparel, and equipment.  Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 11, and therefore denies the same on at least that basis.

12.     No answers to the legal conclusions in Paragraph 12 of the Complaint are required.  Skechers lacks knowledge or information sufficient to form a belief about the truth of Nike's allegations regarding its alleged rights relating to U.S. Patent Nos. 8,266,749,  9,060,562,  9,510,636,  9,730,484,  9,918,511, and

9,986,781 (collectively, the "Asserted Patents"), and therefore denies the same on at least that basis.  Skechers denies that the Asserted Patents are valid and denies that the U.S. Patent and Trademark Office should have issued them.  Skechers admits that Exhibits 1-6 accompanying Nike's Complaint purport to be copies of the Asserted Patents as described in the table accompanying Paragraph 12.  Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 12, and therefore denies the same on at least that basis.

13.    Skechers lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, and therefore denies the same on at least that basis.

14.    Skechers denies each and every allegation in Paragraph 14.

15.    Skechers denies that any of the products that Nike lists in Paragraph 15 and that Nike incorrectly defines as the "Infringing Products" infringe any claims of the Asserted Patents.  For purposes of this pleading, Skechers shall refer to the products that Nike incorrectly purports to define as the "Infringing Products" as the "Accused Products."  Skechers denies that the Accused Products are infringing products.  Skechers also denies that Nike has correctly labeled all of the images in the chart accompanying Paragraph 15 of the Complaint.  Skechers denies the remaining allegations of Paragraph 15 of the Complaint.

16.    Skechers admits that it has offered for sale or has sold the Accused Products directly to consumers through the website http://www.skechers.com, its retail stores, and/or through authorized retailers, wholesalers, and distributors, except that Skechers denies that it has offered for sale or has sold the following purported styles Nike identifies in Paragraph 15 of the Complaint, which appear to be incomplete and/or inaccurate style descriptions: "GO WALK Arch Fit," and "Slip-ins: RF Reggae Fest 2.0."  Skechers denies that the Accused Products are

infringing products.  Skechers denies the remaining allegations of Paragraph 16 of the Complaint.

17.    Skechers admits that it has offered for sale or has sold the Accused Products directly to customers in the United States, including in this District, except that Skechers denies that it has offered for sale or has sold the following purported styles Nike identifies in Paragraph 15 of the Complaint, which appear to be incomplete and/or inaccurate style descriptions: "GO WALK Arch Fit," and "Slip-ins: RF Reggae Fest 2.0."  Skechers denies that the Accused Products are infringing products.  Skechers denies the remaining allegations of Paragraph 17 of the Complaint.

18.    Skechers denies each and every allegation in Paragraph 18.

**FIRST CLAIM FOR RELIEF**

**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 8,266,749)**

19.    Skechers incorporates by reference its above responses to the allegations set forth in Paragraphs 1 through 18, inclusive, of the Complaint. Skechers denies that there has been any "Patent Infringement . . . of U.S. Patent No. 8,266,749" by Skechers, as alleged in the title preceding Paragraph 19 of the Complaint.

20.    Skechers admits that U.S. Patent No. 8,266,749 (the "'749 patent") purports to describe methods of manufacturing articles of footwear.  Skechers denies the remaining allegations of Paragraph 20 of the Complaint.

21.    Skechers admits that claim 1 of the '749 patent is recited in Paragraph 21.  Skechers denies the remaining allegations of Paragraph 21 of the Complaint.

22.    Skechers denies that it directly infringes any claim of the '749 patent "under at least § 271(g)."  Skechers admits that it imports into the United States the products that Nike incorrectly defines in Paragraph 22 as the "'749 Infringing Products," except that Skechers denies that it has offered for sale or has sold the following purported style Nike identifies in Paragraph 22 of the Complaint, which

appears to be an incomplete and/or inaccurate style description: "Slip-ins: RF Reggae Fest 2.0."  For purposes of this pleading, Skechers shall refer to the products that Nike incorrectly purports to define as the "'749 Infringing Products" as the "'749 Accused Products."  Skechers denies that the '749 Accused Products are infringing products.  Skechers admits that Exhibit 7 accompanying Nike's Complaint purports to be a chart describing the limitations of claim 1 of the '749 patent and alleged "Evidence of Infringement."  Skechers denies that any of the '749 Accused Products were manufactured using a process that satisfies each and every limitation of claim 1 of the '749 patent, and denies that Exhibit 7 shows that the identified shoes were manufactured using such a process.  Skechers denies the remaining allegations of Paragraph 22 of the Complaint.

23.     Skechers admits that the '749 Accused Products are not materially changed by subsequent processes after importation.  Skechers also admits that the '749 Accused Products do not become a trivial or nonessential component of another product after importation.  Skechers denies that the '749 Accused Products are infringing products.  Skechers denies the remaining allegations of Paragraph 23 of the Complaint.

24.     Skechers denies each and every allegation in Paragraph 24.

25.     Skechers denies each and every allegation in Paragraph 25.

26.     Skechers denies each and every allegation in Paragraph 26.

27.     Skechers denies that it infringes the '749 patent and further denies each and every remaining allegation in Paragraph 27.

**SECOND CLAIM FOR RELIEF**

**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,060,562)**

28.     Skechers incorporates by reference its above responses to the allegations set forth in Paragraphs 1 through 27, inclusive, of the Complaint. Skechers denies that there has been any "Patent Infringement . . . of U.S. Patent No.

9,060,562" by Skechers, as alleged in the title preceding Paragraph 28 of the Complaint.

29.     Skechers admits that U.S. Patent No. 9,060,562 (the "'562 patent") purports to describe methods of manufacturing articles of footwear.  Skechers denies the remaining allegations of Paragraph 29 of the Complaint.

30.     Skechers admits that claim 1 of the '562 patent is recited in Paragraph 30.  Skechers denies the remaining allegations of Paragraph 30 of the Complaint.

31.     Skechers denies that it directly infringes any claim of the '562 patent "under at least § 271(g)."  Skechers admits that it imports into the United States the products that Nike incorrectly defines in Paragraph 31 as the "'562 Infringing Products."  For purposes of this pleading, Skechers shall refer to the products that Nike incorrectly purports to define as the "'562 Infringing Products" as the "'562 Accused Products."  Skechers denies that the '562 Accused Products are infringing products.  Skechers admits that Exhibit 8 accompanying Nike's Complaint purports to be a chart describing the limitations of claim 1 of the '562 patent and alleged "Evidence of Infringement."  Skechers denies that any of the '562 Accused Products were manufactured using a process that satisfies each and every limitation of claim 1 of the '562 patent, and denies that Exhibit 8 shows that the identified shoes were manufactured using such a process.  Skechers denies the remaining allegations of Paragraph 31 of the Complaint.

32.     Skechers admits that the '562 Accused Products are not materially changed by subsequent processes after importation.  Skechers also admits that the '562 Accused Products do not become a trivial or nonessential component of another product after importation.  Skechers denies that the '562 Accused Products are infringing products.  Skechers denies the remaining allegations of Paragraph 32 of the Complaint.

33.     Skechers denies each and every allegation in Paragraph 33.

34.     Skechers denies each and every allegation in Paragraph 34.

1    35.    Skechers denies each and every allegation in Paragraph 35.

2    36.    Skechers denies that it infringes the '562 patent and further denies each

3 and every remaining allegation in Paragraph 36.

4               **THIRD CLAIM FOR RELIEF**

5   **(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,510,636)**

6    37.    Skechers incorporates by reference its above responses to the

7 allegations set forth in Paragraphs 1 through 36, inclusive, of the Complaint.

8 Skechers denies that there has been any "Patent Infringement . . . of U.S. Patent No.

9 9,510,636" by Skechers, as alleged in the title preceding Paragraph 37 of the

10 Complaint.

11    38.    Skechers admits that U.S. Patent No. 9,510,636 (the "'636 patent")

12 purports to describe an article of footwear.  Skechers denies the remaining

13 allegations of Paragraph 38 of the Complaint.

14    39.    Skechers admits that claim 1 of the '636 patent is recited in Paragraph

15 39.  Skechers denies the remaining allegations of Paragraph 39 of the Complaint.

16    40.    Skechers denies that it directly infringes any claim of the '636 patent

17 "under at least § 271(a)."  Skechers admits that it has sold the products that Nike

18 incorrectly defines in Paragraph 40 as the "'636 Infringing Products."  For purposes

19 of this pleading, Skechers shall refer to the products that Nike incorrectly purports to

20 define as the "'636 Infringing Products" as the "'636 Accused Products."  Skechers

21 denies that the '636 Accused Products are infringing products.  Skechers admits that

22 Exhibit 9 accompanying Nike's Complaint purports to be a chart describing the

23 limitations of claim 1 of the '636 patent and alleged "Evidence of Infringement."

24 Skechers denies that any of the '636 Accused Products satisfy each and every

25 limitation of claim 1 of the '636 patent, and denies that Exhibit 9 shows that the

26 identified shoes infringe any claim of the '636 patent.  Skechers denies the

27 remaining allegations of Paragraph 40 of the Complaint.

28    41.    Skechers denies each and every allegation in Paragraph 41.

42.     Skechers denies each and every allegation in Paragraph 42.

43.     Skechers denies each and every allegation in Paragraph 43.

44.     Skechers denies that it infringes the '636 patent and further denies each and every remaining allegation in Paragraph 44.

**FOURTH CLAIM FOR RELIEF**

**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,730,484)**

45.     Skechers incorporates by reference its above responses to the allegations set forth in Paragraphs 1 through 44, inclusive, of the Complaint. Skechers denies that there has been any "Patent Infringement . . . of U.S. Patent No. 9,730,484" by Skechers, as alleged in the title preceding Paragraph 45 of the Complaint.

46.     Skechers admits that U.S. Patent No. 9,730,484 (the "'484 patent") purports to describe an article of footwear.  Skechers denies the remaining allegations of Paragraph 46 of the Complaint.

47.     Skechers admits that claim 1 of the '484 patent is recited in Paragraph 47.  Skechers denies the remaining allegations of Paragraph 47 of the Complaint.

48.     Skechers denies that it directly infringes any claim of the '484 patent "under at least § 271(a)."  Skechers admits that it has sold the products that Nike incorrectly defines in Paragraph 48 as the "'484 Infringing Products."  For purposes of this pleading, Skechers shall refer to the products that Nike incorrectly purports to define as the "'484 Infringing Products" as the "'484 Accused Products."  Skechers denies that the '484 Accused Products are infringing products.  Skechers admits that Exhibit 10 accompanying Nike's Complaint purports to be a chart describing the limitations of claim 1 of the '484 patent and alleged "Evidence of Infringement." Skechers denies that any of the '484 Accused Products satisfy each and every limitation of claim 1 of the '484 patent, and denies that Exhibit 10 shows that the identified shoes infringe any claim of the '484 patent.  Skechers denies the remaining allegations of Paragraph 48 of the Complaint.

49.     Skechers denies each and every allegation in Paragraph 49.

50.     Skechers denies each and every allegation in Paragraph 50.

51.     Skechers denies each and every allegation in Paragraph 51.

52.     Skechers denies that it infringes the '484 patent and further denies each and every remaining allegation in Paragraph 52.

## FIFTH CLAIM FOR RELIEF

## (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,918,511)

53.     Skechers incorporates by reference its above responses to the allegations set forth in Paragraphs 1 through 52, inclusive, of the Complaint. Skechers denies that there has been any "Patent Infringement . . . of U.S. Patent No. 9,918,511" by Skechers, as alleged in the title preceding Paragraph 53 of the Complaint.

54.     Skechers admits that U.S. Patent No. 9,918,511 (the "'511 patent") purports to describe an upper for an article of footwear.  Skechers denies the remaining allegations of Paragraph 54 of the Complaint.

55.     Skechers admits that claim 1 of the '511 patent is recited in Paragraph 55.  Skechers denies the remaining allegations of Paragraph 55 of the Complaint.

56.     Skechers denies that it directly infringes any claim of the '511 patent "under at least § 271(a)."  Skechers admits that it has sold the products that Nike incorrectly defines in Paragraph 56 as the "'511 Infringing Products."  For purposes of this pleading, Skechers shall refer to the products that Nike incorrectly purports to define as the "'511 Infringing Products" as the "'511 Accused Products."  Skechers denies that the '511 Accused Products are infringing products.  Skechers admits that Exhibit 11 accompanying Nike's Complaint purports to be a chart describing the limitations of claim 1 of the '511 patent and alleged "Evidence of Infringement." Skechers denies that any of the '511 Accused Products satisfy each and every limitation of claim 1 of the '511 patent, and denies that Exhibit 11 shows that the

identified shoes infringe any claim of the '511 patent.  Skechers denies the

remaining allegations of Paragraph 56 of the Complaint.

57.    Skechers denies each and every allegation in Paragraph 57.

58.    Skechers denies each and every allegation in Paragraph 58.

59.    Skechers denies each and every allegation in Paragraph 59.

60.    Skechers denies that it infringes the '511 patent and further denies each

and every remaining allegation in Paragraph 60.

**SIXTH CLAIM FOR RELIEF**

**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,986,781)**

61.    Skechers incorporates by reference its above responses to the

allegations set forth in Paragraphs 1 through 60, inclusive, of the Complaint.

Skechers denies that there has been any "Patent Infringement . . . of U.S. Patent No.

9,986,781" by Skechers, as alleged in the title preceding Paragraph 61 of the

Complaint.

62.    Skechers admits that U.S. Patent No. 9,986,781 (the "'781 patent")

purports to describe an upper for an article of footwear.  Skechers denies the

remaining allegations of Paragraph 62 of the Complaint.

63.    Skechers admits that claim 1 of the '781 patent is recited in Paragraph

63.  Skechers denies the remaining allegations of Paragraph 63 of the Complaint.

64.    Skechers denies that it directly infringes any claim of the '781 patent

"under at least § 271(a)."  Skechers admits that it has sold the products that Nike

incorrectly defines in Paragraph 64 as the "'781 Infringing Products," except that

Skechers denies that it has offered for sale or has sold the following purported style

Nike identifies in Paragraph 64 of the Complaint, which appears to be an incomplete

and/or inaccurate style description: "GO WALK Arch Fit."  For purposes of this

pleading, Skechers shall refer to the products that Nike incorrectly purports to define

as the "'781 Infringing Products" as the "'781 Accused Products."  Skechers denies

that the '781 Accused Products are infringing products.  Skechers admits that

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Exhibit 12 accompanying Nike's Complaint purports to be a chart describing the limitations of claim 1 of the '781 patent and alleged "Evidence of Infringement." Skechers denies that any of the '781 Accused Products satisfy each and every limitation of claim 1 of the '781 patent, and denies that Exhibit 12 shows that the identified shoes infringe any claim of the '781 patent.  Skechers denies the remaining allegations of Paragraph 64 of the Complaint.

65.     Skechers denies each and every allegation in Paragraph 65.

66.     Skechers denies each and every allegation in Paragraph 66.

67.     Skechers denies each and every allegation in Paragraph 67.

68.     Skechers denies that it infringes the '781 patent and further denies each and every remaining allegation in Paragraph 68.

## JURY DEMAND

69.     Skechers admits that Nike demands a trial by jury of all issues so triable in this action.  Skechers likewise demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## PRAYER FOR RELIEF

Skechers denies each and every allegation, averment, and request for relief contained in the Prayer For Relief in the Complaint.

## AFFIRMATIVE DEFENSES

AS AND FOR ITS SEPARATE AND AFFIRMATIVE DEFENSES, Skechers alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement of the '749 Patent)

1.     Skechers has not infringed the '749 patent.

2.     The '749 Accused Products do not infringe any claim of the '749 patent because they are missing one or more limitations of the claims, as properly construed, if not indefinite.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1

## SECOND AFFIRMATIVE DEFENSE

2

(Non-Infringement of the '562 Patent)

3      3.      Skechers has not infringed the '562 patent.

4      4.      The '562 Accused Products do not infringe any claim of the '562 patent

5 because they are missing one or more limitations of the claims, as properly

6 construed, if not indefinite.

7

## THIRD AFFIRMATIVE DEFENSE

8

(Non-Infringement of the '636 Patent)

9      5.      Skechers has not infringed the '636 patent.

10      6.      The '636 Accused Products do not infringe any claim of the '636 patent

11 because they are missing one or more limitations of the claims, as properly

12 construed, if not indefinite.

13

## FOURTH AFFIRMATIVE DEFENSE

14

(Non-Infringement of the '484 Patent)

15      7.      Skechers has not infringed the '484 patent.

16      8.      The '484 Accused Products do not infringe any claim of the '484 patent

17 because they are missing one or more limitations of the claims, as properly

18 construed, if not indefinite.

19

## FIFTH AFFIRMATIVE DEFENSE

20

(Non-Infringement of the '511 Patent)

21      9.      Skechers has not infringed the '511 patent.

22      10.      The '511 Accused Products do not infringe any claim of the '511 patent

23 because they are missing one or more limitations of the claims, as properly

24 construed, if not indefinite.

25

## SIXTH AFFIRMATIVE DEFENSE

26

(Non-Infringement of the '781 Patent)

27      11.      Skechers has not infringed the '781 patent.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

12.     The '781 Accused Products do not infringe any claim of the '781 patent because they are missing one or more limitations of the claims, as properly construed, if not indefinite.

## SEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '749 Patent)

13.     One or more claims of the '749 patent are invalid for failure to meet one or more conditions of patentability, including without limitation those specified in 35 U.S.C. §§ 101, 102, 103, and 112, including written description, enablement, and definiteness, as well as those required by non-statutory doctrines such as obviousness-type double patenting.

## EIGHTH AFFIRMATIVE DEFENSE

### (Invalidity of the '562 Patent)

14.     One or more claims of the '562 patent are invalid for failure to meet one or more conditions of patentability, including without limitation those specified in 35 U.S.C. §§ 101, 102, 103, and 112, including written description, enablement, and definiteness, as well as those required by non-statutory doctrines such as obviousness-type double patenting.

## NINTH AFFIRMATIVE DEFENSE

### (Invalidity of the '636 Patent)

15.     One or more claims of the '636 patent are invalid for failure to meet one or more conditions of patentability, including without limitation those specified in 35 U.S.C. §§ 101, 102, 103, and 112, including written description, enablement, and definiteness, as well as those required by non-statutory doctrines such as obviousness-type double patenting.

## TENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '484 Patent)

16.     One or more claims of the '484 patent are invalid for failure to meet one or more conditions of patentability, including without limitation those specified

in 35 U.S.C. §§ 101, 102, 103, and 112, including written description, enablement, and definiteness, as well as those required by non-statutory doctrines such as obviousness-type double patenting.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '511 Patent)

17.     One or more claims of the '511 patent are invalid for failure to meet one or more conditions of patentability, including without limitation those specified in 35 U.S.C. §§ 101, 102, 103, and 112, including written description, enablement, and definiteness, as well as those required by non-statutory doctrines such as obviousness-type double patenting.

## TWELFTH AFFIRMATIVE DEFENSE

### (Invalidity of the '781 Patent)

18.     One or more claims of the '781 patent are invalid for failure to meet one or more conditions of patentability, including without limitation those specified in 35 U.S.C. §§ 101, 102, 103, and 112, including written description, enablement, and definiteness, as well as those required by non-statutory doctrines such as obviousness-type double patenting.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel, Waiver, and Unclean Hands)

19.     Nike's claims against Skechers are barred in whole or in part by one or more of the equitable doctrines of equitable estoppel, waiver, and unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

20.     Prior to filing the Complaint, Nike did not notify Skechers of any purported infringement of the Asserted Patents.  Furthermore, on information and belief, Nike has failed to mark articles in accordance with the requirements of 35 U.S.C. § 287.  Nike's claims for damages are barred and/or limited by 35 U.S.C. §§ 286 and/or 287.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Costs Barred)

21.     Nike has failed to disclaim any claims of the patents-in-suit.  At least one claim of each of the Asserted Patents is invalid.  Thus, Nike's claim for costs is barred and/or limited by 35 U.S.C. § 288.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

22.     Nike is not entitled to injunctive relief because the alleged injury, which Skechers denies, is not irreparable, and Nike would have an adequate remedy at law if it were so injured.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

23.     Nike has suffered no damages and/or has failed to mitigate its damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

24.     Nike's claims are barred and/or limited by the doctrine of prosecution history estoppel and/or prosecution laches, including arguments that Nike and its expert(s) have made during *inter partes* review proceedings before the United States Patent and Trademark Office.

25.     During the prosecution of the '749 patent, Nike amended the claims of the '749 patent and/or made arguments distinguishing the prior art to overcome the examiner's prior art objections.  By way of example only, such amendments and/or arguments were made in the Response filed on or about January 13, 2012 and in the After-Final Response filed on or about April 17, 2012.  Each amendment and/or argument made for purposes of patentability gave rise to a prosecution history estoppel that precludes Nike from asserting that its claims are infringed under the doctrine of equivalents.  Additionally, Nike disclosed but did not claim certain

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

subject matter in the patent application that led to the '749 patent. Subject matter that was disclosed but not claimed by Nike may not be recaptured through the doctrine of equivalents.

26.    During the prosecution of the '562 patent, Nike amended the claims of the '562 patent and/or made arguments distinguishing the prior art to overcome the examiner's prior art objections. By way of example only, such amendments and/or arguments were made in the Amendment filed on or about December 15, 2014. Each amendment and/or argument made for purposes of patentability gave rise to a prosecution history estoppel that precludes Nike from asserting that its claims are infringed under the doctrine of equivalents. Additionally, Nike disclosed but did not claim certain subject matter in the patent application that led to the '562 patent. Subject matter that was disclosed but not claimed by Nike may not be recaptured through the doctrine of equivalents.

27.    During the prosecution of the '636 patent, Nike amended the claims of the '636 patent and/or made arguments distinguishing the prior art to overcome the examiner's prior art objections. By way of example only, such amendments and/or arguments were made in the Amendment filed on or about January 7, 2016. Each amendment and/or argument made for purposes of patentability gave rise to a prosecution history estoppel that precludes Nike from asserting that its claims are infringed under the doctrine of equivalents. Additionally, Nike disclosed but did not claim certain subject matter in the patent application that led to the '636 patent. Subject matter that was disclosed but not claimed by Nike may not be recaptured through the doctrine of equivalents.

28.    During the prosecution of the '484 patent, Nike amended the claims of the '484 patent and/or made arguments distinguishing the prior art to overcome the examiner's prior art objections. By way of example only, such amendments and/or arguments were made in the Amendment filed on or about January 30, 2017. Each amendment and/or argument made for purposes of patentability gave rise to a

1  prosecution history estoppel that precludes Nike from asserting that its claims are
2  infringed under the doctrine of equivalents.  Additionally, Nike disclosed but did not
3  claim certain subject matter in the patent application that led to the '484 patent.
4  Subject matter that was disclosed but not claimed by Nike may not be recaptured
5  through the doctrine of equivalents.

6       29.    During the prosecution of the '511 patent, Nike amended the claims of
7  the '511 patent and/or made arguments distinguishing the prior art to overcome the
8  examiner's prior art objections.  By way of example only, such amendments and/or
9  arguments were made in the Response to First Action Interview Office Action
10 Summary filed on or about December 12, 2017.  Each amendment and/or argument
11 made for purposes of patentability gave rise to a prosecution history estoppel that
12 precludes Nike from asserting that its claims are infringed under the doctrine of
13 equivalents.  Additionally, Nike disclosed but did not claim certain subject matter in
14 the patent application that led to the '511 patent.  Subject matter that was disclosed
15 but not claimed by Nike may not be recaptured through the doctrine of equivalents.

16      30.    During the prosecution of the '781 patent, Nike amended the claims of
17 the '781 patent and/or made arguments distinguishing the prior art to overcome the
18 examiner's prior art objections.  By way of example only, such amendments and/or
19 arguments were made in the Amendment filed on or about February 23, 2018.  Each
20 amendment and/or argument made for purposes of patentability gave rise to a
21 prosecution history estoppel that precludes Nike from asserting that its claims are
22 infringed under the doctrine of equivalents.  Additionally, Nike disclosed but did not
23 claim certain subject matter in the patent application that led to the '781 patent.
24 Subject matter that was disclosed but not claimed by Nike may not be recaptured
25 through the doctrine of equivalents.

26
27
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

## NINETEENTH AFFIRMATIVE DEFENSE

### (Covenant Not To Sue/License)

31.    Nike's claims are barred and/or limited in whole or in part because one or more of the Accused Products is covered by a covenant not to sue/license.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Skechers counterclaims against Nike and, in support thereof, alleges the following:

### PARTIES

1.    Counterclaim-Plaintiff Skechers is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 228 Manhattan Beach Boulevard, Manhattan Beach, California 90266.

2.    Nike is a corporation organized and existing under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

### JURISDICTION AND VENUE

3.    This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338, based on an actual controversy between Skechers, on the one hand, and Nike, on the other hand, for claims under the Patent Laws of the United State of America, 35 U.S.C. § 1 *et seq.*  Skechers is seeking relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.    An actual, substantial, and continuing justiciable controversy exists between Skechers and Nike based on Nike having filed a Complaint against Skechers accusing Skechers' products of infringing one or more of U.S. Patent Nos. 8,266,749, 9,060,562, 9,510,636, 9,730,484, 9,918,511, and 9,986,781 (collectively, the "Asserted Patents").  Skechers requires a declaration of its rights by this Court with respect to this actual, substantial, and justiciable controversy.

Specifically, the controversy concerns the invalidity and non-infringement of the Asserted Patents and the right of Nike to maintain suit for alleged infringement of the Asserted Patents.

5.     This Court has personal jurisdiction over Nike, *inter alia*, because Nike has submitted to the personal jurisdiction of this Court by filing the Complaint. Furthermore, upon information and belief, Nike has a regular and established place of business in this judicial district.  For example, upon information and belief, Nike leases a distribution center in Foothill Ranch, California from which Nike brand apparel and equipment are shipped, and Nike operates a number of retail stores in this judicial district at which it sells and offers for sale its products.

6.     This Court also has personal jurisdiction over Nike at least because, upon information and belief, Nike transacts and solicits business in the State of California.

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, *inter alia*, because Nike submitted to the venue of this Court by filing the Complaint.

8.     An actual and justiciable controversy exists between Skechers and Nike as to whether Skechers infringes the Asserted Patents because Nike brought this action alleging that Skechers infringes the Asserted Patents and Skechers denies this allegation.

9.     Absent a declaration of non-infringement, Nike will continue to assert the Asserted Patents wrongfully against Skechers and thereby cause Skechers irreparable injury.

10.     Absent a declaration of invalidity of the Asserted Patents, Nike will continue to assert the Asserted Patents wrongfully against Skechers and thereby cause Skechers irreparable injury.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

11.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Skechers is entitled to a declaration by this Court that Skechers does not infringe any claim of the Asserted Patents.

12.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Skechers is entitled to a declaration by this Court that the Asserted Patents are invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code, including without limitation those specified in 35 U.S.C. §§ 101, 102, 103, and 112, including written description, enablement, and definiteness, as well as those required by non-statutory doctrines such as obviousness-type double patenting.

13.     This is an exceptional case entitling Skechers to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### **FIRST COUNTERCLAIM**

### (Declaratory Judgment of Non-Infringement of the '749 Patent)

14.     Paragraphs 1-13 of this Counterclaim are incorporated herein as set forth above.

15.     Skechers has not infringed the '749 patent.

16.     Nike bears the burden of proof on infringement.

17.     Paragraph 22 of the Complaint contains Nike's infringement allegations for the '749 patent.  Paragraph 22 of the Complaint simply identifies the '749 Accused Products, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '749 Accused Products, without identifying any structures or features of the '749 Accused Products that allegedly correspond to those claim limitations.

18.     Exhibit 7 accompanying Nike's Complaint simply identifies the '749 Accused Products, provides images of a small selection of those products with minimal annotation or explanation, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '749 Accused Products.

19.     The '749 Accused Products do not infringe any of the claims of the '749 patent because Nike has failed and will fail to meet its burden of proof on infringement.  By way of example only, Nike has failed to proffer prima facie evidence of infringement, either in the Complaint or in its exhibits thereto, sufficient to establish infringement.

20.     The '749 Accused Products do not infringe any claim of the '749 patent because they are missing one or more limitations of the claims, as properly construed, if not indefinite.

21.     The '749 Accused Products do not infringe claim 1 of the '749 patent because they are manufactured using a process that lacks one or more of the following claim limitations, as properly construed, *e.g.*: simultaneously knitting a textile element with a surrounding textile structure, the knitted textile element having at least one knitted texture that differs from a knitted texture in the surrounding knitted textile structure; removing the knitted textile element from the surrounding knitted textile structure; incorporating the knitted textile element into the article of footwear.

## **SECOND COUNTERCLAIM**

### (Declaratory Judgment of Non-Infringement of the '562 Patent)

22.     Paragraphs 1-21 of this Counterclaim are incorporated herein as set forth above.

23.     Skechers has not infringed the '562 patent.

24.     Nike bears the burden of proof on infringement.

25.     Paragraph 31 of the Complaint contains Nike's infringement allegations for the '562 patent.  Paragraph 31 of the Complaint simply identifies the '562 Accused Products, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '562 Accused Products, without identifying any structures or features of the '562 Accused Products that allegedly correspond to those claim limitations.

26.     Exhibit 8 accompanying Nike's Complaint simply identifies the '562 Accused Products, provides images of a small selection of those products with minimal annotation or explanation, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '562 Accused Products.

27.     The '562 Accused Products do not infringe any of the claims of the '562 patent because Nike has failed and will fail to meet its burden of proof on infringement.  By way of example only, Nike has failed to proffer prima facie evidence of infringement, either in the Complaint or in its exhibits thereto, sufficient to establish infringement.

28.     The '562 Accused Products do not infringe any claim of the '562 patent because they are missing one or more limitations of the claims, as properly construed, if not indefinite.

29.     The '562 Accused Products do not infringe claim 1 of the '562 patent because they are manufactured using a process that lacks one or more of the following claim limitations, as properly construed, *e.g.*: knitting a portion of the knitted component defining an upper with a knitting machine, the upper including a portion of at least one of an exterior surface of the knitted component and an opposite interior surface of the knitted component; and knitting an integral knit tongue that is of unitary knit construction with the upper with the knitting machine, the integral knit tongue extending through a throat area of the knitted component; and wherein the integral knit tongue is joined by knitting with the knitting machine to: (1) a forward portion of the throat area, and (2) at least along a portion of both of a lateral side and a medial side of the throat area of the knitted component extending through a portion of a length of the throat area in a longitudinal direction from the forward portion to an ankle opening of the upper.

## **THIRD COUNTERCLAIM**

### (Declaratory Judgment of Non-Infringement of the '636 Patent)

30.     Paragraphs 1-29 of this Counterclaim are incorporated herein as set forth above.

31.     Skechers has not infringed the '636 patent.

32.     Nike bears the burden of proof on infringement.

33.     Paragraph 40 of the Complaint contains Nike's infringement allegations for the '636 patent.  Paragraph 40 of the Complaint simply identifies the '636 Accused Products, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '636 Accused Products, without identifying any structures or features of the '636 Accused Products that allegedly correspond to those claim limitations.

34.     Exhibit 9 accompanying Nike's Complaint simply identifies the '636 Accused Products, provides images of a small selection of those products with minimal annotation or explanation, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '636 Accused Products.

35.     The '636 Accused Products do not infringe any of the claims of the '636 patent because Nike has failed and will fail to meet its burden of proof on infringement.  By way of example only, Nike has failed to proffer prima facie evidence of infringement, either in the Complaint or in its exhibits thereto, sufficient to establish infringement.

36.     The '636 Accused Products do not infringe any claim of the '636 patent because they are missing one or more limitations of the claims, as properly construed, if not indefinite.

37.     The '636 Accused Products do not infringe claim 1 of the '636 patent because they lack one or more of the following claim limitations, as properly construed, *e.g.*: a portion of the knitted component defining the upper, the upper including a portion at least one of an exterior surface of the knitted component

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

and an opposite interior surface of the knitted component, the interior surface defining a void for receiving a foot; and an integral knit tongue formed with the upper and extending through a throat area of the knitted component; and at least one raised element extending a height above the exterior surface of the knitted component, wherein the integral knit tongue is joined to a forward portion of the throat area and at least along a portion of a lateral side and a medial side of the throat area of the knitted component extending from the forward portion to an ankle opening of the upper.

### **FOURTH COUNTERCLAIM**

#### (Declaratory Judgment of Non-Infringement of the '484 Patent)

38.     Paragraphs 1-37 of this Counterclaim are incorporated herein as set forth above.

39.     Skechers has not infringed the '484 patent.

40.     Nike bears the burden of proof on infringement.

41.     Paragraph 48 of the Complaint contains Nike's infringement allegations for the '484 patent.  Paragraph 48 of the Complaint simply identifies the '484 Accused Products, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '484 Accused Products, without identifying any structures or features of the '484 Accused Products that allegedly correspond to those claim limitations.

42.     Exhibit 10 accompanying Nike's Complaint simply identifies the '484 Accused Products, provides images of a small selection of those products with minimal annotation or explanation, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '484 Accused Products.

43.     The '484 Accused Products do not infringe any of the claims of the '484 patent because Nike has failed and will fail to meet its burden of proof on infringement.  By way of example only, Nike has failed to proffer prima facie

evidence of infringement, either in the Complaint or in its exhibits thereto, sufficient to establish infringement.

44.     The '484 Accused Products do not infringe any claim of the '484 patent because they are missing one or more limitations of the claims, as properly construed, if not indefinite.

45.     The '484 Accused Products do not infringe claim 1 of the '484 patent because they lack one or more of the following claim limitations, as properly construed, *e.g.*: An article of footwear comprising an upper including a flat-knitted element formed from at least one yarn mechanically manipulated in a flat-knitting process, the flat-knitted element including a first layer having: a central portion having a domed, three-dimensional structure configured for extending over the top of a foot; a first side portion being formed of unitary construction with the central portion and extending from a first side of the central portion; and a second side portion being formed of unitary construction with the central portion and extending from a second side opposite the first side of the central portion, the domed, three-dimensional structure shaped to extend above the plane of the first side portion and the second side portion when the flat-knitted element is in a flattened configuration.

## **FIFTH COUNTERCLAIM**

### (Declaratory Judgment of Non-Infringement of the '511 Patent)

46.     Paragraphs 1-45 of this Counterclaim are incorporated herein as set forth above.

47.     Skechers has not infringed the '511 patent.

48.     Nike bears the burden of proof on infringement.

49.     Paragraph 56 of the Complaint contains Nike's infringement allegations for the '511 patent.  Paragraph 56 of the Complaint simply identifies the '511 Accused Products, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '511 Accused Products, without

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1  identifying any structures or features of the '511 Accused Products that allegedly
2  correspond to those claim limitations.

3      50.    Exhibit 11 accompanying Nike's Complaint simply identifies the '511
4  Accused Products, provides images of a small selection of those products with
5  minimal annotation or explanation, recites verbatim portions of the claim language,
6  and states that those claim limitations are satisfied by the '511 Accused Products.

7      51.    The '511 Accused Products do not infringe any of the claims of the
8  '511 patent because Nike has failed and will fail to meet its burden of proof on
9  infringement.  By way of example only, Nike has failed to proffer prima facie
10 evidence of infringement, either in the Complaint or in its exhibits thereto, sufficient
11 to establish infringement.

12     52.    The '511 Accused Products do not infringe any claim of the '511 patent
13 because they are missing one or more limitations of the claims, as properly
14 construed, if not indefinite.

15     53.    The '511 Accused Products do not infringe claim 1 of the '511 patent
16 because they lack one or more of the following claim limitations, as properly
17 construed, *e.g.*: a flat knit textile element comprising (1) flat knit edges free of
18 surrounding textile structure such that the flat knit edges are not surrounded by
19 textile structure from which the textile element must be removed, at least one flat
20 knit edge being a curved flat knit edge, and (2) a first knit strip having a first
21 property and a second knit strip having a second property that is different from the
22 first property; wherein the first knit strip and the second knit strip are positioned
23 adjacent to each other along one or more of a lateral side and a medial side of the
24 upper.

25              **SIXTH COUNTERCLAIM**
26      (Declaratory Judgment of Non-Infringement of the '781 Patent)

27     54.    Paragraphs 1-53 of this Counterclaim are incorporated herein as set
28 forth above.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

55.     Skechers has not infringed the '781 patent.

56.     Nike bears the burden of proof on infringement.

57.     Paragraph 64 of the Complaint contains Nike's infringement allegations for the '781 patent.  Paragraph 64 of the Complaint simply identifies the '781 Accused Products, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '781 Accused Products, without identifying any structures or features of the '781 Accused Products that allegedly correspond to those claim limitations.

58.     Exhibit 12 accompanying Nike's Complaint simply identifies the '781 Accused Products, provides images of a small selection of those products with minimal annotation or explanation, recites verbatim portions of the claim language, and states that those claim limitations are satisfied by the '781 Accused Products.

59.     The '781 Accused Products do not infringe any of the claims of the '781 patent because Nike has failed and will fail to meet its burden of proof on infringement.  By way of example only, Nike has failed to proffer prima facie evidence of infringement, either in the Complaint or in its exhibits thereto, sufficient to establish infringement.

60.     The '781 Accused Products do not infringe any claim of the '781 patent because they are missing one or more limitations of the claims, as properly construed, if not indefinite.

61.     The '781 Accused Products do not infringe claim 1 of the '781 patent because they lack one or more of the following claim limitations, as properly construed, *e.g.*: a flat knit textile element having: (1) flat knit edges free of surrounding textile structure such that the flat knit edges are not surrounded by textile structure from which the textile element must be removed, and (2) a plurality of ribs integrally knitted into the flat knit textile element, wherein one or more ribs extend longitudinally along one or more of a lateral side and a medial side of the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

upper, the one or more ribs extending from the forefoot region toward the heel region and terminating in one of the midfoot region or the heel region.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '749 Patent)

62.     Paragraphs 1-61 of this Counterclaim are incorporated herein as set forth above.

63.     The '749 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least the prior art identified and described on the face of the '749 patent, as well as the prior art cited in prosecution.  By way of example only, claims 1-8, 11-18, and 21 were initially rejected under 35 U.S.C. § 102 in view of U.S. Patent No. 5,345,638 ("Nishida").  Nike's amendments and statements in prosecution to secure allowance of these claims, and in *inter partes* review proceedings concerning the '749 patent, are inconsistent with Nike's infringement allegations against the '749 Accused Products.  If the claims of the '749 patent are interpreted broadly enough to cover these products, then the claims are invalid in view of at least the prior art cited in prosecution.

64.     The '749 patent is invalid under 35 U.S.C. §§ 112 for indefiniteness and/or for failure to meet the written description or enablement requirement insofar as a person having ordinary skill in the art would not understand what is claimed when the claim is read in light of the specification and/or would not recognize that he or she invented what Nike purports to claim.  By way of example only, the claim limitations "first area" and "second area" are indefinite and/or fail to meet the written description requirement.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '562 Patent)

65.     Paragraphs 1-64 of this Counterclaim are incorporated herein as set forth above.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

66.     The '562 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least the prior art identified and described on the face of the '562 patent, as well as the prior art cited in prosecution.  By way of example only, independent claim 1 was initially rejected under 35 U.S.C. § 102 in view of U.S. Patent Application 2008/0110048 ("Dua").  Nike's amendments and statements in prosecution to secure allowance of this claim are inconsistent with Nike's infringement allegations against the '562 Accused Products.  If the claims of the '562 patent are interpreted broadly enough to cover these products, then the claims are invalid in view of at least the prior art cited in prosecution.

67.     The '562 patent is invalid under 35 U.S.C. §§ 112 for indefiniteness and/or for failure to meet the written description or enablement requirement insofar as a person having ordinary skill in the art would not understand what is claimed when the claim is read in light of the specification and/or would not recognize that he or she invented what Nike purports to claim.  By way of example only, the claim limitation "throat area" is indefinite and/or fails to meet the written description requirement.

## NINTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '636 Patent)

68.     Paragraphs 1-67 of this Counterclaim are incorporated herein as set forth above.

69.     The '636 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least the prior art identified and described on the face of the '636 patent, as well as the prior art cited in prosecution.  By way of example only, claims 1-4, 8, 9, 13-16, 19, and 20 were initially rejected under 35 U.S.C. § 102 in view of U.S. Patent Application 2005/0115284 ("Dua") and/or U.S. Patent No. 1,888,172 ("Joha").  Nike's amendments and statements in prosecution to secure allowance of these claims are inconsistent with Nike's infringement allegations against the '636 Accused Products.  If the claims of the '636 patent are interpreted broadly enough to

1   cover these products, then the claims are invalid in view of at least the prior art cited

2   in prosecution.

3       70.    The '636 patent is invalid under 35 U.S.C. §§ 112 for indefiniteness

4   and/or for failure to meet the written description or enablement requirement insofar

5   as a person having ordinary skill in the art would not understand what is claimed

6   when the claim is read in light of the specification and/or would not recognize that

7   he or she invented what Nike purports to claim.  By way of example only, the claim

8   limitation "throat area" is indefinite and/or fails to meet the written description

9   requirement.

10                          **TENTH COUNTERCLAIM**

11              (Declaratory Judgment of Invalidity of the '484 Patent)

12      71.    Paragraphs 1-70 of this Counterclaim are incorporated herein as set

13   forth above.

14      72.    The '484 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view

15   of at least the prior art identified and described on the face of the '484 patent, as

16   well as the prior art cited in prosecution.  By way of example only, claims 1, 5-9,

17   and 12-18 were initially rejected under 35 U.S.C. § 102 in view of U.S. Patent

18   Application No. 2005/0193592 ("Dua").  As another non-limiting example, claims

19   2-4, 10, 11, 19, and 20 were initially rejected under 35 U.S.C. § 103 in view of U.S.

20   Patent No. 6,367,168 ("Hatfield").  Nike's amendments and statements in

21   prosecution to secure allowance of these claims are inconsistent with Nike's

22   infringement allegations against the '484 Accused Products.  If the claims of the

23   '484 patent are interpreted broadly enough to cover these products, then the claims

24   are invalid in view of at least the prior art cited in prosecution.

25      73.    The '484 patent is invalid under 35 U.S.C. §§ 112 for indefiniteness

26   and/or for failure to meet the written description or enablement requirement insofar

27   as a person having ordinary skill in the art would not understand what is claimed

28   when the claim is read in light of the specification and/or would not recognize that

he or she invented what Nike purports to claim.  By way of example only, the claim limitations "first area," "second area," "first layer," and "second layer" are indefinite and/or fail to meet the written description requirement.

## ELEVENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '511 Patent)

74.     Paragraphs 1-73 of this Counterclaim are incorporated herein as set forth above.

75.     The '511 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least the prior art identified and described on the face of the '511 patent, as well as the prior art cited in prosecution.  By way of example only, then-claim 21 was initially rejected under 35 U.S.C. § 102 in view of U.S. Patent No. 1,841,518 ("Bellak").  As another non-limiting example, then-claims 30-40 were initially rejected under 35 U.S.C. § 103 in view of Bellak, U.S. Patent Nos. 1,910,251 ("Joha"), and/or 2,330,199 ("Basch").  Nike's amendments and statements in prosecution to secure allowance of these claims are inconsistent with Nike's infringement allegations against the '511 Accused Products.  If the claims of the '511 patent are interpreted broadly enough to cover these products, then the claims are invalid in view of at least the prior art cited in prosecution.

76.     The '511 patent is invalid under 35 U.S.C. §§ 112 for indefiniteness and/or for failure to meet the written description or enablement requirement insofar as a person having ordinary skill in the art would not understand what is claimed when the claim is read in light of the specification and/or would not recognize that he or she invented what Nike purports to claim.  By way of example only, the claim limitation "knit strip" is indefinite and/or fails to meet the written description requirement.

**TWELFTH COUNTERCLAIM**

(Declaratory Judgment of Invalidity of the '781 Patent)

77.     Paragraphs 1-76 of this Counterclaim are incorporated herein as set forth above.

78.     The '781 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least the prior art identified and described on the face of the '781 patent, as well as the prior art cited in prosecution.  By way of example only, all claims of the '781 patent were initially rejected under 35 U.S.C. § 103 in view of U.S Patent Nos. 1,841,518 ("Bellak") and 1,902,780 ("Holden").  Nike's amendments and statements in prosecution to secure allowance of these claims are inconsistent with Nike's infringement allegations against the '781 Accused Products.  If the claims of the '781 patent are interpreted broadly enough to cover these products, then the claims are invalid in view of at least the prior art cited in prosecution.

79.     The '781 patent is invalid under 35 U.S.C. §§ 112 for indefiniteness and/or for failure to meet the written description or enablement requirement insofar as a person having ordinary skill in the art would not understand what is claimed when the claim is read in light of the specification and/or would not recognize that he or she invented what Nike purports to claim.  By way of example only, the claim limitation "plurality of ribs" is indefinite and/or fails to meet the written description requirement.

**RELIEF SOUGHT**

WHEREFORE, Defendant Skechers respectfully requests that a judgment be entered against Plaintiff Nike as follows:

a.     That Nike take nothing by its Complaint;

b.     That the Court enter judgment in favor of Skechers in this action, and deny Nike all the relief it requests;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

c.     That a declaration be issued that the manufacture, use, offer for sale, sale, and/or importation of the products that Nike accuses of infringement in this case do not infringe and will not infringe the claims of the '749 patent;

d.     That a declaration be issued that the manufacture, use, offer for sale, sale, and/or importation of the products that Nike accuses of infringement in this case do not infringe and will not infringe the claims of the '562 patent;

e.     That a declaration be issued that the manufacture, use, offer for sale, sale, and/or importation of the products that Nike accuses of infringement in this case do not infringe and will not infringe the claims of the '636 patent;

f.     That a declaration be issued that the manufacture, use, offer for sale, sale, and/or importation of the products that Nike accuses of infringement in this case do not infringe and will not infringe the claims of the '484 patent;

g.     That a declaration be issued that the manufacture, use, offer for sale, sale, and/or importation of the products that Nike accuses of infringement in this case do not infringe and will not infringe the claims of the '511 patent;

h.     That a declaration be issued that the manufacture, use, offer for sale, sale, and/or importation of the products that Nike accuses of infringement in this case do not infringe and will not infringe the claims of the '781 patent;

i.     That a declaration be issued that the claims of the '749 patent are invalid;

j.     That a declaration be issued that the claims of the '562 patent are invalid;

k.     That a declaration be issued that the claims of the '636 patent are invalid;

l.     That a declaration be issued that the claims of the '484 patent are invalid;

m.     That a declaration be issued that the claims of the '511 patent are invalid;

n.      That a declaration be issued that the claims of the '781 patent are invalid;

o.      That the Court find that Nike cannot recover any damages from Skechers;

p.      That the Court find that Nike is not entitled to any other relief at law or in equity;

q.      That the Court declare that this is an exceptional case entitling Skechers to its reasonable attorneys' fees under 35 U.S.C. § 285;

r.      That the Court award Skechers its costs and reasonable attorneys' fees; and,

s.      That the Court grant Skechers all other and further relief to which it may show itself to be entitled.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Skechers hereby requests a trial by jury of all issues so triable.

Dated: January 12, 2024

Respectfully submitted,
IRELL & MANELLA LLP

By: _/s/ Keith A. Orso_

Morgan Chu
mchu@irell.com
Samuel K. Lu
slu@irell.com
Keith A. Orso
korso@irell.com
Thomas C. Werner
twerner@irell.com

IRELL & MANELLA LLP

Attorneys for Defendant
and Counterclaim-Plaintiff
Skechers U.S.A., Inc.