UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NIKE, INC.,

    Plaintiff,

        v.

SKECHERS U.S.A., INC.,

    Defendant.

Case No. 2:23-cv-09346-AB (PVCx)

# [PROPOSED] ORDER FOR ELECTRONIC DISCOVERY

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. If the parties cannot resolve their disagreements regarding any such proposed modifications, the parties shall submit the matter to the Court.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail, parties must propound specific e-mail production requests as described herein.

6. E-mail production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

7. E-mail production requests shall be phased to occur after the parties have

exchanged initial disclosures, a specific listing of likely e-mail custodians, initial infringement contentions, initial invalidity contentions, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the Court.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. The court may allow additional e-mail discovery upon a showing of good cause.

9. Each requesting party shall limit its e-mail production requests to a total of five (5) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five (5) additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

10. Each requesting party shall limit its e-mail production requests to a total of five (5) search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five (5) additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word or phrase. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

11. All document production shall be in electronic format unless otherwise agreed to in advance by the parties.

12. The following parameters shall apply to ESI production:

   a. <u>General Document Image Format.</u> Each electronic document shall be produced in a single-page 300 dpi image file format, with each page bearing a unique production number and named with the unique production number followed by the appropriate file extension. Color documents shall be produced as JPEG format images. All other documents may be produced as Tagged Image ("TIFF") format images. Load files shall be provided to indicate the location and unitization of the TIFF and/or JPEG files.

   b. <u>Native Files.</u> Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format. TIFF or JPEG images need not be produced for these formats of files unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. If producing in native format, each document shall include a single unique production number for the document preceding the native file name. A TIFF placeholder indicating that a document was provided in native format should accompany the production. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text. If good cause exists to request production of files in native format, other than those specifically set forth in this provision, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied.

   c. <u>Text-Searchable Documents.</u> ESI shall be produced in text-searchable format to the extent maintained in that form or to the extent reasonably possible.

   d. <u>Footer.</u> Each document image must be assigned a unique Bates number that is sequential within the production sets.

    e. <u>Confidentiality Designation.</u> Each image will be stamped with the appropriate confidentiality designations (if any) in accordance with the Protective Order in this matter. Each document produced in native format will have its confidentiality designation identified in the filename of the native file.

    f. <u>Unique Documents</u>. The parties shall attempt to de-duplicate ESI to avoid substantially duplicative productions. No party shall remove any attachment to any email, regardless of whether the attachment is duplicative of any other document. The parties may de-duplicate emails that are identical. Custodian metadata for a given document shall reflect any Custodian of any document removed as a duplicate of that document

    g. <u>Metadata.</u> In addition to single page images, productions shall include (1) an ASCII delimited metadata file (.txt., .dat, or .csv) and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Relativity or Concordance). The following fields, if reasonably accessible and not subject to a justified and proper claim of privilege, shall appear in and the load file:

        i. BEGBATES: Beginning Bates number as stamped on the production image

        ii. ENDBATES: Ending Bates number as stamped on the production image

        iii. BEGATTACH: First production Bates number of the first document in a family

        iv. ENDATTACH: Last production Bates number of the last document in a family

        v. CONFIDENTIALITY: Any designation of the document under the Protective Order governing this Action

vi. TIME ZONE: The time zone under which the document was processed

vii. MD5HASH: The Md5Hash value of the document

viii. CUSTODIAN: Individual from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian)

ix. AUTHOR: Any value populated in the Author field of the document properties

x. FILENAME: Filename of an electronic document

xi. FILE EXTENSION: The file extension of the document.

xii. DATECREATED: Date the document was created (format: MM/DD/YYYY or YYYY/MM/DD)

xiii. DATEMODIFIED: Date the document was last altered or saved (format: MM/DD/YYYY or YYYY/MM/DD)

xiv. For e-mails:

1. SUBJECT: Subject line of e-mail
2. DATESENT: Date e-mail was sent (format: DD/MM/YYYY or YYYY/MM/DD)
3. TO: All recipients in the "To" line of the e-mail
4. FROM: The sender of the e-mail
5. CC: All recipients in the "CC" line of the e-mail
6. BCC: All recipients in the "BCC" line of the e-mail

xv. The field names above may vary depending on a party's use of commercially acceptable production software. All other metadata shall be preserved for the duration of this Action but need not be produced absent a specific request based upon specific facts and a showing of good cause, and further subject to the producing party's

      claim of undue burden or cost.

  h. <u>Other Actions</u>. The provisions above govern the form of production of documents in this Action, but does not govern the form of production of documents that were produced in any other action that are re-produced (with original Bates numbers intact, regardless of whether a party also applies additional Bates numbers) in this Action, provided that such documents are produced in accordance with the form of production governing the other action. Nothing in this stipulation alters or supersedes any protective order in place in any other action.

13. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

**SO STIPULATED AND AGREED.**

Dated:  March 12, 2024

By: */s/ Michael J. Gershoni*

Christopher J. Renk (admitted *pro hac vice*)
Chris.Renk@arnoldporter.com
Michael J. Harris (admitted *pro hac vice*)
Michael.Harris@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300

Bridgette C. Gershoni (SBN 313806)
Bridgette.Gershoni@arnoldporter.com
Michael J. Gershoni (SBN 311192)
Michael.Gershoni@arnoldporter.com
601 Massachusetts Ave., NW
Washington, D.C., 20001
Telephone: (202) 942-6745

Hilda Obeng (admitted *pro hac vice*)
Hilda.Obeng@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-7883

Michael Sebba (SBN 345439)
Michael.Sebba@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000

*Attorneys for Plaintiff and Counterclaim-Defendant Nike, Inc.*

By: */s/ Thomas C. Werner*

Morgan Chu
mchu@irell.com
Samuel K. Lu
slu@irell.com
Keith A. Orso
korso@irell.com
Thomas C. Werner
twerner@irell.com
IRELL & MANELLA LLP
1800 Avenue Of The Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Defendant
And Counterclaim-Plaintiff
SKECHERS U.S.A., INC.*

**SO ORDERED.**

Dated: _____     _____
HON. PEDRO V. CASTILLO
United States Magistrate Judge