UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 23-09346-AB (PVCx) | Date: | February 4, 2025 |
|---|---|---|---|

| Title: | *Nike, Inc. v. Skechers U.S.A., Inc.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW [DKT. NO. 87]**

Before the Court is Defendant Skechers U.S.A. Inc.'s ("Defendant") motion to stay the case pending resolution of its petitions for *inter partes* review ("IPR"), which are currently pending before the U.S. Patent Trial and Appeal Board ("PTAB"). ("Motion," Dkt. No. 87.) Plaintiff Nike, Inc. ("Plaintiff") filed an opposition ("Opp'n," Dkt. No. 92), and Defendant filed a reply. ("Reply," Dkt. No. 93.) Finding these matters suitable for resolution without oral argument, the Court **VACATED** the hearing set for January 10, 2025. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** the Motion.

I.   BACKGROUND

Plaintiff filed its Complaint on November 6, 2023. *See* Dkt. No. 1. Plaintiff alleges that Defendant infringes U.S. Patent Nos. 8,266,749 ("the '749 Patent"), 9,060,562 ("the '562 Patent"), 9,510,636 ("the '636 Patent"), 9,730,484 ("the '484 Patent"), 9,918,511 ("the '511 Patent"), and 9,986,781 ("the '781 Patent") (collectively, "the Asserted Patents"). *Id.* The parties have not engaged in any

motion practice before the district judge other than the pending motion. They did prepare claim construction briefs and the Court held a claim construction hearing. *See* Dkt Nos. 55, 56, 60, 61, and 77. The Court has not yet issued the claim construction ruling. At the time of Defendant's Motion, fact discovery was set to close on January 15, 2025, expert discovery was set to close on April 18, 2025, and trial was set for September 15, 2025. Dkt. No. 73.

Defendant filed six IPR petitions challenging all claims of the Asserted Patents on November 6, 2024:

| Proceeding No. | Challenged Patent |
|---|---|
| IPR2025-00141 | '749 Patent, Claims 1-21 |
| IPR2025-00142 | '484 Patent, Claims 1-17 |
| IPR2025-00143 | '781 Patent, Claims 1-20 |
| IPR2025-00144 | '511 Patent, Claims 1-20 |
| IPR2025-00150 | '562 Patent, Claims 1-23 |
| IPR2025-00151 | '636 Patent, Claims 1-27 |

The U.S. Patent Trial and Appeal Board ("PTAB") has not yet instituted review for those proceedings. Institution decisions are expected on or before May 6, 2024.

In its Motion, Defendant also identified other IPR proceedings challenging the '749 and '484 Patents, filed by lululemon usa inc. ("Lululemon"). Motion at 4. All other petitions challenging the Asserted Patents are listed in the table below:

| Proceeding No. | Challenged Patent | Petitioner | Status |
|---|---|---|---|
| IPR2024-00778 | '749 Patent, Claims 1-21 | New Balance | Institution denied. |
| IPR2024-00460 | '749 Patent, Claims 1-21 | Lululemon | Instituted & pending. |
| IPR2016-00922 | '749 Patent, Claims 1-9, 11-19, and 21 | adidas AG | Final written decision; not unpatentable. |
| IPR2023-01460 | '484 Patent, Claims 1-19 | Lululemon | Instituted & pending |

## II. LEGAL STANDARDS

"A district court has the inherent power to stay its proceedings. The power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants.'" *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

In deciding whether to grant a stay pending *inter partes* review proceedings, courts in this District have considered three factors that were originally used to consider requests for stays pending U.S. Patent and Trademark Office reexamination proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). While these factors are important, ultimately "the totality of the circumstances governs." *Allergan Inc. v. Cayman Chem. Co.*, No. 8:07-cv-01316 JVS (RNBx), 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009).

### III. DISCUSSION

The Court has balanced the relevant factors and the totality of the circumstances, and concludes that a stay pending IPR is appropriate.

#### A. Stage of the Proceedings

This factor considers "whether discovery is complete and whether a trial date has been set." *See Universal Elecs.*, 943 F. Supp. 2d at 1030-31. Courts applying this factor often ask whether "there is more work ahead of the parties and the Court than behind." *Realtime Data LLC v. Teradata Operations, Inc.*, No. 2:16-cv-02743 AG (FFMx), 2017 WL 3453295, at *2 (C.D. Cal. Feb. 27, 2017); *see also Pi-Net Int'l, Inc. v. Hertz Corp.*, No. CV 12-10012 PSG JEMX, 2013 WL 7158011, at *2 (C.D. Cal. June 5, 2013) (finding the stage of the litigation factor favored a stay where the parties had exchanged infringement contentions, served discovery requests, and produced a repository of documents)*; Locata LBS, LLC v. Yellowpages.com, LLC*, No. CV 13-7664 JAK, 2014 WL 8103949, at *2-3 (C.D. Cal. July 11, 2014) (finding case was in early stages where neither party had requested nor taken any depositions and expert discovery had not yet commenced); *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. ED CV 14-01154-VAP-(SPx), 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (stay favored where *Markman* hearing had not yet taken place).

Here, discovery is still in the early stages. The parties exchanged requests and responses but have not yet taken any depositions, any third party discovery, or any

expert discovery. Motion at 6-7. At the time of the motion, fact discovery was set to close on January 15, 2025. Dkt. No. 73. However, given the lack of discovery progress and the fact that the claim construction order had not yet issued, the Court expected the parties to file a request to amend the scheduling order. The parties did so on January 1, 2025 and asked to continue the fact discovery cutoff to April 16, 2025. Dkt. No. 94. Accordingly, this case remains in its early stages. The parties also asked to continue the trial date to February 9, 2026, over a year away. *Id.* Accordingly, though the Court has set a trial date, this case is still at the early stages.

Though discovery is still in the early stages, the parties and the Court have invested a significant amount of resources in claim construction proceedings. The Court held a claim construction hearing on September 20, 2024. Dkt. No. 77. The parties filed opening and responsive claim construction briefs before the hearing and supplemental briefing after the hearing. Dkt. Nos. 55, 56, 60, 61, 83, and 84. The claim construction order has not yet issued. Despite this significant work, there is still "more work ahead of the parties and the Court than behind." *Realtime Data LLC v. Teradata Operations, Inc.*, No. 2:16-cv-02743 AG (FFMx), 2017 WL 3453295, at *2 (C.D. Cal. Feb. 27, 2017). For this reason, courts in this district often find cases in the early stages despite significant claim construction progress. *See, e.g., RJ Tech. LLC v. Apple Inc.*, No. 8:22-CV-01874, 2023 WL 8188475, at *2 (C.D. Cal. Oct. 4, 2023) ("Even though a trial date has been set and this Court issued its Claim Construction Order, the Court finds that this factor weighs in favor of a stay" because "fact discovery is not yet complete and expert discovery has not yet begun.")

In sum, there is more work ahead of the parties and the Court than behind. The Court thus finds this factor weighs in favor of granting a stay.

### B. Simplification of the Issues

This factor considers "whether a stay will simplify the issues in question and trial of the case." *Aten Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, No. 8:09-cv-00843 AG (MLGx), 2010 WL 1462110, at *6 (C.D. Cal. April 12, 2010). There is a "near uniform line of authority [reflecting the principle that] after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed." *NFC Tech. LLC v. HTC America, Inc.*, No. 2:13-cv-01058 WCB, 2015 WL 1069111, at *6–7 (E.D. Tex. March 11, 2015) (collecting cases granting a stay after the PTAB instituted IPR proceedings).

Matters are somewhat different before the PTAB has decided whether to institute an IPR. On the one hand, because the PTAB is still deciding whether to

institute Defendant's petitions, simplification is speculative. *See Purecircle USA, Inc., v. SweeGen, Inc.*, SACV 18-1679 JVS (JDEx), 2019 WL 3220021, at *2 (C.D. Cal. June 3, 2019); *see also Netlist, Inc. v. Swart Storage Sys., Inc.*, No. 13-cv-5889, 2014 WL 4145412, at *3 (N.D. Cal. Aug. 21, 2014) ("[T]he mere filing of a petition for inter partes review tells the Court little about whether such a decision is likely."); *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 592 (2014) (holding burden is on moving party to show stay is appropriate, "and such showing must be based on more than the mere fact that a petition for [IPR] was filed").

On the other hand, "courts in this District have adopted the majority position that even if an IPR has not yet been instituted, the simplification factor may still weigh in favor of a stay." *Purecircle*, 2019 WL 3220021 at *3; *accord Doc. Sec. Sys., Inc. v. Seoul Semiconductor Co.*, SACV 17-00981 JVS (JCGx), 2018 WL 10670109, at *4 (C.D. Cal. Mar. 26, 2018); *but see JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*, No. 2:20-CV-02250-CAS (SKx), 2020 WL 6203555, at *7 (C.D. Cal. Oct. 19, 2020) (citing *Polaris Innovations*, 2016 WL 7496740, at *2). Also, "the risk of delay attending an unnecessary stay is minimal relative to the risk of unnecessary expenditure of resources should the stay be denied and an IPR subsequently commence." *Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP (SPx), 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015).

Here, the PTAB has not decided whether to institute any of Defendant's petitions. *See* § I, *supra*. This renders potential simplification speculative. Still, Defendant challenges all asserted claims of all asserted patents. Thus, if the PTAB were to find even some claims of some patents invalid, the decision would provide simplification. *See Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016) ("If the PTAB cancels or narrows a portion of the asserted claims, the scope of this litigation may be significantly reduced."). Based on PTAB statistics, at least some invalidity findings are likely.[1] *PTAB Trial Statistics FY23 End of Year Outcome Roundup IPR, PGR*, PTAB, https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2023__roundup.pdf at 10 (showing 36% chance of at least some invalidity determination per petition). The number of asserted claims (120) and accused products (112) also lends itself to simplification here. *See Mediatek, Inc. v. NXP Semiconductors N.V.*, No. CV 21-4969-GW-AFMX, 2022 WL 17185976, at *3 (C.D. Cal. June 21, 2022) ("Given the number of asserted and cross-asserted patents and claims, as well as the

---

[1] The Court finds an invalidity decision likely based only on PTAB statistics but not on the merits of the petition which the Court has not considered here.

number of filed petitions and cross-petitions, even if the PTO institutes only some proceedings, the degree of likely simplification supports a minimal stay.")

Even if the PTAB does not invalidate any claims, simplification is still possible if the PTAB institutes review. *See, e.g.*, *Realtime Data*, 2017 WL 3453295, at *2 (finding that a stay provides "a richer prosecution history upon which to base necessary claim construction determinations"); *Core Optical Techs.*, 2016 WL 7507760, at *2 ("Even if no patent claim is eliminated, the intrinsic record developed during the IPR may inform on issues like claim construction."). Further, Defendant will be bound to any grounds raised or that reasonably could have been raised during the IPR, streamlining the invalidity portion of the case. 35 U.S.C. § 315(e)(2).

Finally, Lululemon's petitions, though instituted, do not provide significant simplification here, for at least two reasons. First, Lululemon's petitions challenge only two of the six asserted patents. *See* § I, *supra*. Second, Defendant has not agreed to be bound to any PTAB determinations in the Lululemon proceedings. Thus, estoppel under § 315(e)(2) does not apply to those proceedings.

In sum, the simplification factor favors a stay here.

### C. Potential Undue Prejudice

When considering prejudice or a clear tactical disadvantage to the patentee, courts consider "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Telesign Corp.*, 2016 WL 6821111, at *4 (quoting *E. Digital Corp. V. Dropcam, Inc.*, No. 14-cv-04922-JST, 2016 WL 658033, at *4 (N.D. Cal. 2016)). "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *PersonalWeb Techs.*, 69 F. Supp. 3d at 1029; *see also Wonderland*, 2015 WL 1809309, at *4 ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.")

The relationship of the parties slightly disfavors a stay. The parties are direct competitors. Opp'n at 18. Courts are often reluctant to stay proceedings when the parties are direct competitors. *See, e.g.*, *Kirsch Rsch. & Dev., LLC v. Epilay, Inc.*, No. 220CV03773RGKJPR, 2021 WL 4732578, at *3 (C.D. Cal. May 7, 2021) ("When the parties are business competitors, however, and the plaintiff may lose customers if the case does not proceed, this may result in prejudice.") (citations omitted). In some instances, however, courts have declined to find prejudice even

where the parties are direct competitors. *See Sonics, Inc. v. Arteris, Inc.*, No. C 11–05311 SBA, 2013 WL 503091, at *4 (N.D. Cal. Feb. 8, 2013) (holding that there was no undue prejudice from continued potentially infringing sales during the stay period because the patentee's "legal and equitable remedies will be available when the stay is lifted.") Additionally, though the parties are direct competitors, Defendant has not moved for an injunction. *UPL NA, Inc. v. Tide Int'l (USA), Inc.*, No. CV 19-1201-RSWL-KSX, 2021 WL 663128, at *4 (C.D. Cal. Feb. 19, 2021) ("Plaintiff's failure to seek a preliminary injunction belies its claims of undue prejudice in the marketplace.") (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014)). Plaintiff also does not seek lost profits, which further mitigates prejudice caused by the parties' direct competitor status. *See LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *5 (N.D. Cal. June 24, 2014) ("[T]here is sufficient evidence in the record for the Court to conclude that, while some competition appears to exist between the parties, the overall state of affairs does not raise the specter of undue prejudice or clear disadvantage.")

The timing factors slightly disfavor a stay. Generally, "courts expect accused infringers to evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them." *Jiaxing Super Lighting Elec. Appliance Co. v. MaxLite, Inc.*, No. CV194047PSGMAAX, 2020 WL 5079051, at *4 (C.D. Cal. June 17, 2020). Here, Defendant did not seek review until close to the end of the statutory period. Opp'n at 16. "[T]his fact, on its own, [is not] sufficient to change the ultimate conclusion on this factor or the overall analysis." *Nichia Corp. v. Vizio, Inc.*, No. SACV1800362AGKESX, 2018 WL 2448098, at *3 (C.D. Cal. May 21, 2018). Still, a "request for [review] made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage." *CAO Lighting, Inc. v. Feit Elec. Co., Inc.*, No. CV 20-04926-AB (PJW), 2022 WL 18142504, at *3 (C.D. Cal. Dec. 5, 2022) (citations omitted). Because Defendant complied with the statutory period, the Court does not strongly consider the timing factors here. The Court also does not make much of Defendant's admission that it filed its stay request at a time when Plaintiff was contending with many litigation and PTAB events. *See* Email Exchange Memorializing Meet and Confer, Dkt. No. 92-2.

Plaintiff also did not file this action until several years after the issuance of the Asserted Patents. Motion at 14. In some instances, Courts find that a delay in filing suit mitigates a prejudice finding. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (finding delay of nearly a year in filing suit "for some unexplained reason" weighed against claims of prejudice); *see also*

*Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661-JST, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) (finding delay of two years undermined prejudice claim). Plaintiff argues that it spent the two years investigating Defendant's infringement activities following settlement of a separate litigation involving Plaintiff and Defendant. Opp'n at 20-21. The Court does not strongly consider Plaintiff's delay here.

Finally, though delay may prejudice a party claiming infringement, "[t]he general prejudice of having to wait for a resolution is not a persuasive reason to deny the motion for stay." *Wonderland*, 2015 WL 1809309, at *4 (quoting *Sorensen ex rel. Sorensen Research & Dev. Trust v. Black & Decker Corp.*, No. 06–cv–1572–BTM, 2007 WL 2696590, at *4 (S.D. Cal. Sept.10, 2007)); *see also PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014) ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."). Having to wait for an institution decision, alone, is not prejudicial.

On balance, the Court determines that the prejudice factor only slightly disfavors a stay of this matter.

## IV.     CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. This action is **STAYED** at least pending institution decisions from the PTAB. The parties shall file a joint status report with their collective and/or respective positions concerning case management within 7 days of the PTAB's institution decisions for all pending IPR petitions.

**IT IS SO ORDERED**.