UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 23-09346-AB (PVCx) | Date: | October 7, 2025 |
|---|---|---|---|

| Title: | *Nike, Inc. v. Skechers U.S.A., Inc.* |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW [DKT NO. 117]**

Before the Court is Defendant Skechers U.S.A. Inc.'s ("Defendant") motion to stay the case pending resolution of its petition for *inter partes* review ("IPR"), which is currently pending before the U.S. Patent Trial and Appeal Board ("PTAB"). ("Motion," Dkt. No. 117.) Plaintiff Nike, Inc. ("Plaintiff") filed an opposition ("Opp'n," Dkt. No. 120), and Defendant filed a reply. ("Reply," Dkt. No. 122.) For the following reasons, the Court **DENIES** the Motion.

### I.     BACKGROUND

Plaintiff filed its Complaint on November 6, 2023. *See* Dkt. No. 1. Plaintiff alleged that Defendant infringes U.S. Patent Nos. 8,266,749 ("the '749 Patent"), 9,060,562 ("the '562 Patent"), 9,510,636 ("the '636 Patent"), 9,730,484 ("the '484 Patent"), 9,918,511 ("the '511 Patent"), and 9,986,781 ("the '781 Patent") (collectively, "the Asserted Patents"). *Id*. The parties prepared claim construction briefs and the Court held a claim construction hearing. *See* Dkt Nos. 55, 56, 60, 61,

and 77. The Court has not yet issued the claim construction ruling. They have not engaged in any substantive motion practice.

Defendant previously filed a motion to stay pending IPR, which the Court granted. Dkt. No. 97. On June 23, 2025, the parties filed a joint status report indicating the PTAB declined to institute review for the petitions challenging the '749, '781, '511, '562, and '636 Patents. Dkt. No. 98 at 2. The PTAB instituted review for Defendant's petition challenging the '484 Patent. *Id.* Based on these developments, the Court lifted the stay on July 3, 2025. The Court indicated it would set a schedule following issuance of the *Markman* Order. The Court also granted the parties' joint stipulation to dismiss the claims and defenses relating to the '484 Patent. Dkt. 104.

Defendant now moves to stay again pending the appeal of third-party Lululemon's petition challenging the '749 Patent. Motion at 1. The Lululemon proceeding resulted in a final written decision finding the claims of the '749 Patent unpatentable. Opp'n at 10. Plaintiff filed a request for Director Review challenging that decision. *Id*. Plaintiff's petition is pending. Plaintiff indicates it will appeal to the Federal Circuit in the event the request for Director Review is denied or the PTAB upholds the unpatentability determination. *Id.* Additionally, the Director of the Patent Office vacated the PTAB's decision not to institute review of Skecher's petition challenging the '749 Patent. *Id.* at 3. That proceeding is now pending and, per Defendant, provides another basis to stay this action. *See id*.

## II.     LEGAL STANDARDS

The Court provided the relevant legal standard in its prior ruling. Dkt. No. 97 at 2-3. That discussion is incorporated here by reference.

## III.    DISCUSSION

The Court has balanced the relevant factors and the totality of the circumstances, and concludes that a stay pending IPR is appropriate.

### A. Stage of the Proceedings

The Court provided the relevant legal standard in its prior order. *Id.* at 3. That discussion is incorporated here by reference. Because the stay lifted recently, the proceedings are in largely the same state that they were in at the time of Defendant's prior motion. Within the context of a renewed motion to stay, this factor should not

favor reinstating a stay because the justification would be circular. *See Oyster Optics, LLC v. Ciena Corp.*, 2019 WL 4729468, at *2-3 (N.D. Cal. Sept. 23, 2019) ("[T]he existence of a stay, on its own, does not justify its perpetuation.") Accordingly, this factor is neutral.

### B. Simplification of the Issues

The Court provided the relevant legal standard in its prior ruling. Dkt. No. 97 at 4. That discussion is incorporated here by reference.

Here, the third-party Lululemon proceeding was not only instituted but reached a final written decision finding the '749 Patent invalid. Opp'n at 10. Plaintiff filed a request for Director Review challenging that decision. *Id*. That request is pending. Plaintiff indicates it will appeal to the Federal Circuit in the event the request for Director Review is denied or the PTAB upholds the unpatentability determination. *Id.* If Plaintiff appealed, given the high affirmance rate of unpatentability decisions by the Federal Circuit, simplification here is likely as to the '749 Patent. *See* Motion at 8. Moreover, because the Director allowed Defendant's IPR challenging the '749 Patent to proceed, Defendant is subject to the estoppel provisions of 35 U.S.C. § 315(e).

However, regardless of the outcome as to the '749 Patent, this action will need to proceed as to '562, '636, '511, and '781 Patents. There will be no simplification as to these patents. These patents also account for over 80% of the claims asserted in this action. Opp'n at 8. Courts often find simplification too limited in circumstances where simplification will not occur as to a majority of claims. *See Jiaxing Super Lighting Elec. Appliance Co. v. MaxLite, Inc.*, 2020 WL 5079051, at *3–4 (C.D. Cal. June 17, 2020). However, depending on the circumstances of the case, some Courts still find a stay beneficial when only one or two asserted patents are subject to a PTAB proceeding. *See, e.g.*, *Finjan, Inc. v. FireEye, Inc.*, 2014 WL 2465267, at *2 (N.D. Cal. June 2, 2014).

The number of challenged versus unchallenged patents and claims is also not the only consideration. Defendant argues that the '749 Patent is asserted against a disproportionate number of accused products, such that if it were eliminated, the scope of the case would be significantly narrower. Motion at 9. Defendant argues that the '749 Patent is asserted against approximately 70% of the accused shoes in this case. Reply at 5. Still, unlike *Nike, Inc. v. New Balance Athletics, Inc.*, 2025 WL 1617264 (D. Mass. June 6, 2025), eliminating the '749 Patent would not eliminate half of the accused products as many of the Asserted Patents are asserted against

multiple shoes. *See* Motion at 9. At most, it would eliminate about one third of the accused products. *Id*.

In sum, given the limited nature of further simplification, this factor does not favor a stay.

### C. Potential Undue Prejudice

The Court provided the relevant legal standard in its prior ruling. Dkt. No. 97 at 6. That discussion is incorporated here by reference. The prejudice considerations now are largely the same as at the time of the prior order. *Id*. at 6-8. The only difference is that the stay would be pending the anticipated appeal of the PTAB's determination as to the '749 Patent. Still, delay alone is not unduly prejudicial. *PersonalWeb Techs.,* 69 F. Supp. 3d at 1029. For the reasons stated in the prior order, this factor only slightly disfavors a stay.

### D. Plaintiff's Alternative Request to Sever the '749 Patent

Because discovery would overlap for the '749 Patent and the '562, '636, '511, and '781 Patents, the Court also does not find it beneficial to sever the '749 Patent during the discovery period. *See* Reply at 11 (noting Defendant's agreement to request discovery from knit upper suppliers, even if case were stayed) and 14 (explaining discovery overlap). The Court has also already held a *Markman* hearing. There is only one disputed term unique to the '749 Patent and the PTAB and further appellate proceedings would not affect resolution of that dispute. Opp'n at 3. Accordingly, the Court declines to sever the '749 Patent at this time. However, the parties shall prepare and file a joint report as to the status of the PTAB proceedings and any subsequent appeal within ten days of the close of fact discovery, or within ten days of any decision, whichever is sooner.

## IV.   CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED**.