UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.:   CV 23-09346-AB (PVCx) | Date:   March 16, 2026 |
|---|---|

| Title:   *Nike, Inc. v. Skechers U.S.A., Inc.* |
|---|

**Present: The Honorable**   **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING PROCEEDINGS CHALLENGING THE VALIDITY OF THE '749, '781, AND '511 PATENTS [DKT NO. 154]**

Before the Court is Defendant Skechers U.S.A. Inc.'s ("Defendant") motion to stay the case pending resolution of ex parte reexamination ("EPR"), an *inter partes* review ("IPR") proceeding, and an appeal affecting three of the asserted patents. ("Motion," Dkt. No. 154.) Plaintiff Nike, Inc. ("Plaintiff") filed an opposition ("Opp'n," Dkt. No. 158), and Defendant filed a reply. ("Reply," Dkt. No. 163.) Finding these matters suitable for resolution without oral argument, the Court **VACATES** the hearing set for April 10, 2026. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** the Motion.

The parties agree they conferred regarding Defendant's Motion on February 10, 2026. *See* Motion at i; Opp'n at 2. Defendant filed its motion the next day, on February 11, 2026. *See generally*, Motion. The local rules require a conference "at least 7 days prior to the filing of the motion." C.D. Cal. L.R. 7-3. The timing of Defendant's Motion indisputably violates this requirement.

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>EVC</u>

1

Defendant argues that the timing is justified because Plaintiff delayed in scheduling the conference.   Motion at i; *see also* Declaration of Lucas S. Oxenford in Support of Skechers U.S.A., Inc.'s Motion to Stay ("Oxenford Decl.") Dkt. No. 154-1 ¶ 16.   The Court has reviewed counsel's email correspondence (Dkt. No. 154-14) and does not agree that Plaintiff delayed in scheduling a conference.   Counsel for Defendant sent its request on February 4, 2026 at 1:56 P.M.   Dkt. No. 154-14 at 3.   It sent a follow up request on February 6, 2026 at 8:43 A.M.   *Id.*   Counsel for Plaintiff responded on February 6, 2026 at 9:41 A.M., within 48 hours of Defendant's initial request and within an hour of the follow up request.   *Id.* Counsel for Plaintiff indicated they could confer on Tuesday, February 10, 2026, at 11:00 A.M., within one week of Defendant's initial request.   *Id.*   Counsel for Defendant indicated they could confer at that time.   *Id.* at 2.   Counsel for Defendant then accused counsel for Plaintiff of "weaponiz[ing] the meet and confer process" and indicated it would rely on the date of its initial request for purposes of calculating L.R. 7-3's waiting period.   *Id.*   The Court is unaware of any authority permitting Defendant to rely on the date of its request, as opposed to the date of the conference, for purposes of L.R. 7-3.   In fact, "[n]othing in the Rule supports the contention that parties may agree to waive or alter the rule's requirements."   *Sandpiper CDN, LLC v. Google LLC*, 2025 WL 1932504, at *1, fn. 1 (C.D. Cal. June 24, 2025).

Courts may deny motions for failing to comply with the requirements of the Local Rules.   *Masimo Corp. v. Apple Inc.*, 2020 WL 5215385, at *2 (C.D. Cal. Aug. 4, 2020) (citing *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012)).   Though Defendant cites cases in its reply briefing where courts disregarded violations of the local rules due to a lack of prejudice, the decision to deny a motion due to non-compliance is discretionary.   It does not depend on the presence or absence of prejudice.   Accordingly, the Court **DENIES** Defendant's Motion for failure to comply with L.R. 7-3.   Denial is without prejudice to Defendant refiling its motion.

   **IT IS SO ORDERED**.